## Pagan *v.* Fort Pitt Gas Company, Appellant.

*Master and servant—Suit for wages—Day's work—Evidence—Question for jury.*

In an action to recover for a certain number of day's work, the defendant alleged that the plaintiff was notified to quit work but chose to go on, also that he employed an incompetent assistant, and further that there had been a settlement in full. All of this was denied. *Held,* that the case was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued April 14, 1904. Appeal, No. 60, April T., 1904, by defendant, from judgment of C. P. No. 1, Allegheny Co., March T., 1901, No. 550, on verdict for plaintiff in case of R. B. Pagan v. Fort Pitt Gas Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit for seventy-three days' work on an oil well. Before COLLIER, P. J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $1,086.60. Defendant appealed.

*Error assigned* among others was in submitting the case to the jury.

*Edwin S. Craig,* for appellant.

*A. B. Hay,* with him *G. J. Lightenheld,* for appellee.

OPINION BY ORLADY, J., January 17, 1904:

The defendant had an opportunity before two juries to make good his defense against the plaintiff's claim, but failed in each instance.

The matter in controversy was purely one of fact, no questions of law having been involved. In the last submission to the jury the whole question was fully and fairly stated as follows: " If you believe the plaintiff's theory, as made out by the weight of the evidence, he is clearly entitled to be paid for his seventy-three days' work at $13.00 a day, for which he has not received one cent. On the other hand, if he was notified to quit but chose to go on he is not entitled to anything; or if he employed an incompetent man and that caused the trouble, he is not entitled to anything ; or if he made a settlement of everything up to that day, he is not entitled to anything. All this is denied. Your duty is to treat both sides alike and reconcile the evidence if you can, and if you are satisfied that the weight of the evidence is with the plaintiff, he ought to have a verdict for the amount he claims, if not, the defendant should have the verdict. "

The question of a bill receipted in full was not in the case. At the request of the defendant's superintendent a bill was submitted for the " tearing out and rigging up " until the well was plugged, which bill was paid in full without a dispute. As to the claim for which this suit was brought, the defendant denied its liability to pay, but in the light of two verdicts against it, a mistake was made in so doing.

Nothing would be gained by a retrial of this case and we find no substantial error in the record. The judgment is affirmed.