## Young v. Slatington Rolling Mills, Appellant.

*Master and servant—Wages—Deduction for store bills.*

1. In an action against a corporation for wages where the defendant sets up as a defense an alleged oral agreement by which the plaintiff agreed that his store bills at a store owned by the defendant's president should be deducted from his wages, and the evidence as to such a contract is conflicting, the case is for the jury, and a verdict and judgment for plaintiff will be sustained.

2. Where the existence or the terms of a contract, and not its validity or construction is the issue, and the evidence is conflicting, or the question depends on the intention of the parties, the question of the existence of the terms of the contract, is one for the jury.

Argued Dec. 2, 1913. Appeal, No. 22, Oct. T., 1913, by defendant, from judgment of C. P. Lehigh Co., June T., 1912, No. 42, on verdict for plaintiff in case of Samuel Young v. Slatington Rolling Mills. Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit for wages on appeal from judgment of justice of the peace. Before TREXLER, P. J.

Verdict and judgment for plaintiff for $50.13. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Geo. J. A. Miller*, for appellant, cited: Berresford v. Susquehanna Coal Co., 24 Pa. C. C. Rep. 557; McManaman v. Hanover Coal Co., 6 Kulp, 181.

*Arthur G. Dewalt*, with him *Ralph H. Schatz*, for appellee, cited: Woolman v. Ice Co., 18 Pa. Superior Ct. 596; Stafford v. Henry, 51 Pa. 514.

OPINION BY ORLADY, J., February 20, 1914:

The plaintiff was an employee of the defendant corporation in its rolling mill, and brought suit to recover

his wages for manual labor. There was no dispute in regard to the amount he had earned, but payment was refused by the defendant, for the reason, that the $49.17 involved in this action, had been deducted as the amount of his store bills contracted by him at the Citizens Store Company, of Slatington, which is owned by Edwin Germin, who is also the president and a member of the board of directors of the defendant, under an alleged oral agreement made between the plaintiff and Germin, that "the plaintiff's store bills should be deducted monthly from the amount of the monthly wages due to him by the defendant." This contract or agreement was unequivocally denied by the plaintiff, and the sole question involved was one of fact—Did Young authorize the deduction off his wages earned at the defendant's mill, the amount of his purchases at Germin's store? This question of fact was distinctly and fairly submitted to a jury, the court saying in answer to a point submitted by the defendant, "The dispute arises from the fact that Young says he did not consent, but protested, whilst the defendant says he expressly agreed to it, and wanted to have it done that way." The jury resolved the dispute in favor of the plaintiff, under testimony that was direct and contradictory. This disputed question of contract or no contract, must be found in the defendant's favor, before the constitutionality of the Acts of Assembly of April 29, 1874, P. L. 73, and of May 20, 1891, P. L. 96, relating to "payments of wage workers" is to be considered. If he made the arrangement contended for by the defendant, he cannot recover in this action. If he did not, he can recover. Whether he did or did not was a question of fact for the jury.

It was not for the court to assume, and instruct the jury either way as a matter of law, that the contract did or did not exist. Where the existence or the terms of a contract, and not its validity or construction, is the issue, and the evidence is conflicting, or the question

depends on the intention of the parties, the question of the existence of the terms of the contract is one for the jury. Pagan v. Gas Co., 27 Pa. Superior Ct. 75. There was no writing to be interpreted, and the construction of the oral agreement, or whether in fact one existed, was for the jury alone. The case was ably and fairly tried, we have no reason to find fault with the verdict returned.

The judgment is affirmed.