Thomas et al. *v.* St. Joseph's Polish Nat. Catholic Church of McKees Rocks, Appellant, et al.

Argued October 7, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*John A. Metz,* with him *John A. Metz, Jr.,* and *David Friedman,* for appellant.

*William J. Lappe,* with him *George F. Hall,* for appellees.

OPINION BY MR. JUSTICE DREW, November 26, 1941:

The liquidating trustees of the First National Bank of McKees Rocks filed a petition, under the Act of April 20, 1905, P. L. 239, to obtain possession of real estate purchased by them at a sheriff's sale. The real estate in question was owned and occupied by respondents at the time of the sheriff's sale and they refused to vacate the premises. After numerous pleadings, petitioners moved for judgment upon the whole record, which motion the learned court below granted, and from this judgment respondents appealed.

On November 3, 1926, St. Joseph's Polish National Catholic Church of McKees Rocks mortgaged its church edifice, parsonage and cemetery to the First National Bank. Thereafter, a default having occurred, the Bank entered judgment under the terms of the bond and mortgage and, on execution, the property was sold to it for costs and taxes at a sheriff's sale on May 2, 1932. Upon payment by the Bank in August, 1940, of the amount bid at the sheriff's sale, a deed for the real estate was delivered to it. Respondents having refused to move from the premises, petitioners brought this proceeding to secure possession of the church edifice and parsonage.

As justification for their action, appellants set up an oral agreement in their Answer, which they alleged had been made by the Bank and the Church a few days after the sheriff's sale, and in which it was agreed:

"(1) That the said Bank would not pay the amount of its said bid to the Sheriff of Allegheny County, and would not proceed further with said execution, but would endeavor to ascertain the best price which could be obtained for the said real estate levied upon, or which the Bank would accept, and when this amount was determined, would give the said Church the right or option to purchase its said judgment for a sum equal to such sum or price before any further steps were taken by the Bank; on condition, however, that the said Church would not take any steps to set aside the said Sheriff's Sale, or file exceptions thereto, and in the meantime, would remain in possession of the said real estate, look after, take care of, and protect the same and make the necessary repairs thereto.

"(2) That in the meantime, the said Church should continue to bury its dead in the said Cemetery.

"(3) In consideration whereof, the said Church agreed not to take any steps to set aside the said Sheriff's Sale or file exceptions thereto, and agreed to remain in possession of the said real estate, including the said Church building, Parsonage and Cemetery, to look after, take care of, and protect the same, and to make the necessary repairs thereto, and to continue to bury its dead in the said Cemetery."

It is admitted that the Church, during the eight-year period between the sheriff's sale and the settlement, did not pay the taxes on the real estate, which the Bank was required to pay, or take out policies of fire insurance on the buildings, which the Bank had to do, and that the sole cost to it in occupying the premises consisted of paying for necessary repairs. Thus, the Church had the full use and occupancy of the property during that long period and paid practically nothing for it. Appellants

contend, however, that appellees breached the alleged agreement in that they accepted an offer for the purchase of the property by a third party without first giving them the opportunity "to purchase its said judgment" and that, therefore, legal title to the property is held by appellees as trustees ex maleficio for them.

The learned court below was correct in ruling that a valid defense to the petition had not been made out. It is evident that the alleged oral agreement is too indefinite to be capable of binding either party. It does not provide when the Bank is to determine what the property is worth, or what the Bank would accept for it. In *Sec. N. Bk. of Uniontown v. Hustead,* 334 Pa. 421, 422, an agreement for the indefinite extension of an option which did not specify how long the option was to continue was held to be too indefinite to be of binding effect. Another material element of a contract which must be fixed with certainty is price, and a price "approximating $8,000" was held vague and indefinite in *Stevens v. Doylestown B. and L. Assn.,* 321 Pa. 173. The agreement in this case is even more indefinite than an approximation for there is no limitation whatsoever on the value the Bank could place on the property. Nor are terms of payment, in the event a mutually satisfactory price for the judgment is agreed upon, set forth; and the time within which the alleged oral agreement is to be carried out is not fixed. Such an agreement is obviously incapable of enforcement because of the utter lack of precision in its terms: *Sec. N. Bk. of Uniontown v. Hustead,* supra, p. 423; *Seiss v. McClintic-Marshall Corp.,* 324 Pa. 201, 205; *Stevens v. Doylestown B. and L. Assn.,* supra, p. 174; *Farren v. McNulty,* 277 Pa. 279, 281.

In addition, it appears that the Church did not carry out its part of the alleged agreement for it is admitted that it had not paid the taxes on the property and that it had not taken out policies of fire insurance covering the buildings. Clearly, this constituted a failure to "look after, take care of, and protect" the property and appel-

lees are justified in regarding such failure as discharging them from their obligations under the alleged agreement: *Sisney v. Diffenderffer*, 323 Pa. 337, 342; *G. B. Hurt, Inc., v. Fuller Canneries Co.*, 269 Pa. 85, 90.

Furthermore, a valid defense to the petition was not alleged even if the agreement be considered as constituting a binding contract to make an offer, and the breach of the contract by the Church be overlooked. Proof that an oral contract to reconvey property has been breached is not considered in itself sufficient to establish a trust: *Metzger v. Metzger*, 338 Pa. 564, 568; *Kellum v. Smith*, 33 Pa. 158, 164. Therefore the fact that a parol contract to make an offer has been breached would certainly not be sufficient to establish a trust. The only right that the breach of such a contract would confer upon a party would be the right to maintain an action for the damages sustained by him because of the breach, if any could be proved. For this reason and for the reasons previously given, it is evident that appellants have not made out a defense and that appellees are entitled to the immediate possession of the property.

Judgment affirmed.