Goldstein *v.* Goldstein, |Appellant (No. 2).

Argued May 4, 1943. Before KELLER, P. J., BALD-RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*George S. Goldstein,* with him *McFate & McFate,* for appellant.

*F. Harold Gates,* with him *W. F. Moyar,* for appellee.

OPINION BY BALDRIGE, J., July 16, 1943:

Morris Goldstein brought an action in assumpsit to recover $725.55 for moneys loaned to, and expended for, his brother George S. Goldstein, the defendant. A jury trial resulted in a verdict for the plaintiff in the sum of $575. The defendant appealed.

The appellant assigns as error the refusal of the court below to grant his motion for a new trial. This assignment is defective as the motion and reasons upon which

it is based are not set forth: *Ward et al. v. Babbitt, Inc.*, 270 Pa. 370, 373, 113 A. 558; *Sheldrake v. Hobson*, 70 Pa. Superior Ct. 268. The remaining two assignments of error complain of the court's refusing to instruct the jury that there was no evidence to support the claim of a $400 loan and in entering final judgment for plaintiff.

The pleadings, occupying approximately 60 pages of this record, are unduly long, full of repetition and extraneous matters. The redundancy indulged in tended to complicate, rather than clarify, the issues. The essential facts may be briefly stated as follows. The plaintiff, as agent, managed certain oil properties owned by defendant and others and supervised the building of a house for defendant in President Township, Venango County. The plaintiff's statement of claim set forth various items, including a loan to defendant of $100, moneys expended on his behalf for labor, materials, etc. for the house. Defendant in his affidavit of defense admitted the loan and that plaintiff paid certain bills contracted as agent, but pleaded payment by cash and the giving of a note dated October 7, 1937, in the amount of $400, payable to the First National Bank of Oil City signed by both Morris and himself; that Morris Goldstein received the proceeds of the $400 note in payment of the sums expended on the house. At the trial Morris admitted the note was discounted at the bank and that the net amount, to wit, $396 was credited to his account. He testified in explanation that at that time he gave $400 in cash to George to pay his expenses for a trip to Canada and this note was given as evidence of that loan, which was an entirely separate transaction and had nothing to do with the amount he had expended for building purposes which George had never repaid.

George, in support of his averment that the note paid his indebtedness to Morris, offered in evidence a

letter written by Morris asking him to sign a renewal of the $400 note stating: "If you remember I got this money to pay on the house." Morris testified that the note was originally intended as a repayment to him for money he expended in building the house, but in fact the money received thereon was used by the defendant to go to Canada. George did not take the stand and deny that he received from plaintiff $400 for the purpose of his Canadian trip. Factual issues were thus raised for the jury's consideration.

Appellant further contends that there was a variance between the allegata and probata as plaintiff sued to recover money expended in defendant's behalf and in such a case "may he admit at the trial that he has been paid those moneys and then testify for the first time that his claim is for the recovery of Three Hundred and Ninety-six ($396) Dollars which he loaned defendant?" There was no material variance. The proof supports the allegation in the statement of claim. The $400 note was not mentioned in the statement of claim; it was interposed by the defendant, who averred that it paid his indebtedness. If that was a separate transaction and not a payment for moneys advanced, as Morris contended and as was apparently believed by the jury, it was entirely consistent with the original claim. It cannot be said that the plaintiff introduced a new cause of action. The court did not charge the jury that the plaintiff could recover the $400 loan made to defendant apart from the moneys expended on the building as the appellant seems to think. The charge taken in its entirety fairly reviewed the claim of each party. The jury was told that it was the plaintiff's contention that the $400 loan and note of October 7, 1937, was a separate transaction not involved in this suit, and that the defendant asserted that the $400 note was in payment of the debt contracted in connection with building the house and that the other moneys advanced had been repaid.

Assuming, but not conceding, that a variance as alleged did exist the defendant did not raise that point during the trial and cannot under well established principles now object: *Sipior et al. v. U. S. Glass Co.*, 132 Pa. Superior Ct. 208, 200 A. 938; *Stevens et ux. v. City of Pittsburgh*, 129 Pa. Superior Ct. 5, 21, 22, 194 A. 563, affirmed in 329 Pa. 496, 198 A. 655; *Penna. Railroad Co. v. Pittsburgh*, 335 Pa. 449, 457, 458, 6 A. 2d 907.

A careful review of this entire record convinces us that the issues of fact raised were for the jury's consideration and fails to disclose any reason for our disturbing the verdict.

Judgment is affirmed.