## Rader *v.* Palletz, Appellant.

Argued November 18, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*John C. Noonan,* with him *Weill, Nesbit & Lisenby,* for appellant.

*Ben W. Ingber,* for appellee.

OPINION BY RHODES, P. J., March 4, 1947:

Jack J. Rader, plaintiff, brought this action in assumpsit against Lionel Palletz, defendant, to recover the sum of $1,562.50 claimed to be due by reason of the breach of an alleged oral contract entered into between them relating to commissions in connection with the sale of a property in Philadelphia. Plaintiff and defendant were licensed real estate brokers. The case was tried before a jury which rendered a verdict for plaintiff. The court in banc refused defendant's motions for judgment n. o. v. and a new trial. Defendant has appealed from the judgment entered on the verdict.

On this appeal two questions are presented: (1) Sufficiency of the evidence to establish the oral contract; (2) alleged variance between plaintiff's allegations and proofs.

Albert M. Greenfield & Co., as brokers for the owner, had listed for sale a vacant lot located at Broad and Butler Streets in the City of Philadelphia. Defendant, acting as broker for the purchaser (who was defend-

ant's nominee), submitted a written offer to buy this property at a price of $125,000 in a letter to Albert M. Greenfield & Co., dated September 6, 1945. This letter provided that upon final settlement defendant, as acting broker, would receive from Greenfield & Co. one-half of the usual broker's commission. This amount admittedly was $3,125. Settlement was had December 13, 1945. Defendant received the commission of $3,125, but denied any oral agreement to split it with plaintiff.

The first question is, Was plaintiff's evidence sufficient to establish an oral contract whereby defendant was to pay plaintiff one-half of the commission of $3,125, which amount defendant was paid as the named broker by Albert M. Greenfield & Co.? The evidence must of course be viewed in a light most favorable to plaintiff; all disputed facts must be resolved in his favor. *Sorrentino v. Graziano et al.,* 341 Pa. 113, 114, 17 A. 2d 373. It was plaintiff's contention, as shown by his pleadings, that, although the property was listed generally by Greenfield & Co., he brought the property to defendant's attention.

Plaintiff and defendant had been business and social friends for about ten years before the present transaction. Plaintiff testified that on September 6, 1945, he called defendant on the telephone at his home about 8:30 a. m. and suggested that the latter look at the property as there was a possibility that the Post Office Department would erect a branch office on the lot; that defendant might make money on the deal if he purchased the lot for himself through a straw party. Defendant replied he was interested providing the post office could be secured. Plaintiff also testified that in the telephone conversation "the understanding was that if he [defendant] was to buy it I was to participate in the commission."

Plaintiff suggested they make an appointment with Greenfield's office for two o'clock that afternoon, and he called on defendant about twelve thirty that day at the

latter's office. The parties had lunch and then kept their appointment, at two o'clock, with Mr. Herd, vice-president of Albert M. Greenfield & Co. Mr. Herd testified that he did not recall any conversation about commissions being split between plaintiff and defendant, but his testimony established that his company would split the whole commission with whichever party formally acted as coöperating broker. Mr. Herd corroborated plaintiff to the extent that he recalled a "general conversation regarding the matter [the sale of the lot] in which all three of us joined."

Leaving the office of Albert M. Greenfield & Co., plaintiff and defendant walked to plaintiff's office in the Land Title Building where plaintiff, at defendant's request, wrote a letter in longhand submitting an offer to Mr. Herd. Plaintiff's stenographer then typed the letter, which was signed by defendant, written on his stationery, and named him alone as broker. Plaintiff testified that, when they returned from Greenfield & Co. and were in plaintiff's office, "Mr. Palletz did say that any deal that was made on the property, he would split the commission with me."

Plaintiff stated he had plans drawn by the Post Office Department for a proposed building on the lot, and that these were turned over to defendant so that defendant could file a proposal with the department. Plaintiff had many conversations with defendant between September 6 and December 10, 1945, concerning plans to develop the property. On direct examination plaintiff testified: "Q. During those conversations with Palletz between the dates of September 6, 1945, and December 10, 1945, did he discuss this split of the Greenfield commission with you? A. It was always assumed that I was to get my one-half commission. Q. Did he say so? A. He said that there would be a split commission. Q. So that he repeated that to you— A. Time and time again—" Plaintiff's stenographer corroborated him as to his composing the letter of offer to Greenfield & Co. in longhand.

Defendant testified he purchased the lot from Greenfield & Co. without any suggestion or help from plaintiff; he admitted plaintiff was present at the meeting of September 6, 1945, between himself and Mr. Herd at Greenfield's office, but stated, in substance, that plaintiff took no part in these negotiations. Defendant said he dictated the offer to purchase to plaintiff's stenographer in plaintiff's office, but that plaintiff had nothing else to do with composing the letter. Defendant denied he ever agreed to split the Greenfield commission with plaintiff, but he did say that he agreed to split a commission for any customers or tenants plaintiff secured for the lot after defendant purchased it, but that none was ever secured.

It was incumbent upon plaintiff to establish the oral contract upon which he based his claim by prima facie proof. The burden is upon one suing for damages for a breach of contract to establish a clear case of something agreed to. *Swing v. Walker,* 27 Pa. Superior Ct. 366, 372. The existence of the contract must be established by evidence which is substantial; a mere scintilla is not enough. *Evans v. Ely,* 3 Cir., 13 F. 2d 62, and cases cited at page 64. A verdict cannot rest upon guess or conjecture. *Trainer v. Fort,* 310 Pa. 570, 165 A. 232.

Plaintiff's testimony is not as explicit as it might be. However, we think that plaintiff's evidence, viewed in its entirety, is sufficient to take the case to the jury. The circumstances testified to and the language allegedly used would, if believed, establish the oral agreement alleged. The nature and the extent of the contractual obligation were certain, and the parties agreed upon the material and necessary details of their bargain. Where the evidence is conflicting, the determination whether a contract existed and what its terms were is for the jury. *Woolman v. Hancock Ice Co.,* 18 Pa. Superior Ct. 596, 598, 599; *Young v. Slatington Rolling Mills,* 56 Pa. Superior Ct. 134, 135, 136.

Accepting the jury's finding that plaintiff established an oral contract, was there a fatal variance between allegata and probata? The alleged variance is that the tenth paragraph of plaintiff's statement asserts the oral contract to have been made "while the said plaintiff and defendant were on their way to the office of Greenfield & Co.," whereas plaintiff's proof showed the agreement was made when the parties returned to plaintiff's office, during the telephone conversation that morning, or at various other times.

Paragraph eleven of plaintiff's statement asserted the agreement was affirmed and confirmed when the parties returned to plaintiff's office September 6, 1945. Paragraph fourteen averred confirmation of the parol agreement on numerous occasions subsequent to September 19, 1945, which was the date of the agreement of sale.

If the proofs correspond to the substance of the allegations, a variance is not established. *Osborne v. Victor Dairies, Inc.,* 138 Pa. Superior Ct. 117, 120, 10 A. 2d 129. In any event, the alleged variance was not material, and defendant did not raise the point at the trial and cannot now complain. *Pennsylvania Railroad Company v. Pittsburgh,* 335 Pa. 449, 457, 6 A. 2d 907; *Ellis v. Greenbaum Sons Investment Co.,* 307 Pa. 77, 160 A. 702; *Goldstein v. Goldstein (No. 2),* 152 Pa. Superior Ct. 570, 573, 33 A. 2d 80; *Calvey v. Coyer,* 121 Pa. Superior Ct. 504, 508, 509, 184 A. 279.

The judgment is affirmed.