Opinion by
 

 Rhodes, P. J.,
 

 Plaintiff in this action in assumpsit has sought to recover damages from defendant for breach of an alleged contract. Defendant’s preliminary objections to plaintiff’s complaint were sustained by the court below on the ground that the contract was unenforceable because of uncertainty and lack of mutuality. Plaintiff has appealed.
 

 The alleged contract consisted, in part, of a “car order blank” dated March 11, 1946, by which plaintiff ordered from the defendant a Plymouth automobile. The order blank as filled in contained nothing specific except the type, make, and color of car. It did not state the price or date of delivery. Certain printed conditions appeared on the reverse side of the order blank. Con
 
 *33
 
 dition No. 2 reads:
 
 “Li
 
 vehicle is not delivered within thirty (30) days after specified delivery date, purchaser reserves right to cancel order and seller’s liability in that event is limited to the return of deposit.” Condition No. 3 reads as follows: “If retail price of vehicle herein ordered is changed before delivery, purchaser agrees to either pay new price or permit seller to cancel this order upon return of deposit.” The so-called contract also stated: “No verbal agreement is binding on the company; all terms and conditions of this sale are expressed in this agreement; any promises or understandings not herein specified in writing are hereby expressly waived.” In his complaint plaintiff averred that he was informed by defendant “that said contract would be fulfilled by delivery to him of 60th Plymouth Sedan, and that said delivery was subject to being advanced in priority, depending upon the cancellation of any order dated prior to March 11th, 1946.” On March
 
 13,
 
 1946, or two days after the written order, plaintiff sent defendant a deposit of $25 by letter, stating: “Just to keep the records straight, the writer understood that this deposit would be refunded in the event that your delivery date on the car is excessively long, and we are able to obtain more favorable delivery on a car elsewhere.” Thirteen months later, or on April 22, 1947, plaintiff wrote defendant asking when delivery could be expected, and also the price of such a car. Defendant replied on April 28, 1947, that it would take approximately six months to fill the order, adding “The price of a Deluxe 4-Door Sedan, complete ... is $1427.40.” About a year thereafter, on April 7,1948, plaintiff again wrote defendant specifying the color and asking when he could expect delivery. On this letter there was a pen and ink notation by defendant’s agent: “You will be offered a car some time in the month of May 1948. I cannot assure you of color.”
 

 
 *34
 
 Plaintiff had the burden of establishing a definite and enforceable obligation.
 
 Swing v. Walker,
 
 27 Pa. Superior Ct. 366, 372;
 
 Rader v. Palletz,
 
 160 Pa. Superior Ct. 335, 339, 51 A. 2d 344. Price is an essential element of a contract.
 
 Butler v. Kemmerer,
 
 218 Pa. 242, 246, 67 A. 332;
 
 Thomas v. St. Joseph’s Church,
 
 343 Pa. 328, 331, 22 A. 2d 661. An alleged contract should specify or indicate the time of performance.
 
 Carbon Spring Water Ice Co. v. Hawk,
 
 29 Pa. Superior Ct. 13, 18;
 
 Thomas v. St. Joseph’s Church,
 
 supra, p. 331; Williston, Contracts, Vol. 1, §40, p. 111. It is undoubtedly true that where no time is specified for performance, a reasonable time will be implied.
 
 Detwiler v. Capone,
 
 357 Pa. 495, 502, 55 A. 2d 380;
 
 Wright v. Monongahela Natural Cas Co.,
 
 2 Pa. Superior Ct. 219. Likewise, price may mean the reasonable or market price at date of delivery. Williston, Contracts, Yol. 1, §41, p. 115. In the present case, neither price nor time of performance was specific at the date upon which the alleged contract was created. Possibly the price was to be ascertained as of the delivery date, but the latter remained indefinite and uncertain. In so far as plaintiff’s allegations disclose, defendant dealer was not bound to deliver at any particular time, and it could keep plaintiff waiting indefinitely. To hold that delivery was to be made in a “reasonable” time would have been meaningless under the circumstances. At the date of the alleged contract, new automobiles were difficult to obtain, and delivery dates and prices were uncertain. When the transaction is viewed in the light of these circumstances, and the vague and tenuous nature of the written agreement considered, it is evident that the alleged contract was too indefinite to be capable of enforcement in this action at law for damages. In order that a contract may be enforceable, its terms must be certain and explicit, not vague or indefinite.
 
 Edgcomb v. Clough,
 
 275 Pa. 90, 103, 118 A. 610;
 
 Beachler v.
 
 
 *35
 

 Mellon-Stuart Co.,
 
 354 Pa. 341, 343, 47 A. 2d
 
 147; Lightcap v. Keaggy,
 
 128 Pa. Superior Ct. 348, 356, 194 A. 347. Plaintiff’s complaint falls short of a definite allegation that the contract between the parties was one for delivery of the sixtieth such automobile received by the dealer, or that it called for maintenance of plaintiff’s priority on the dealer’s customer order list.
 

 Judgment is affirmed.