Witt *v.* Crawford, Appellant.

Argued November 14, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and GUNTHER, JJ. (ARNOLD, J., absent).

*Samuel M. Rosenzweig,* for appellant.

*Clyde P. Bailey,* for appellee.

OPINION BY GUNTHER, J., January 20, 1953:

Appellee purchased a used Buick from appellant, a used car dealer, upon assurance by appellant's salesman that it was a 1948 model. Appellee, upon discovering the car was a 1947 Buick, sued in assumpsit for the difference in value and obtained a jury verdict of $240. The court below refused appellant's motion for a new trial and judgment n.o.v. and this appeal followed.

Appellant contends that the court below erred in failing to apply the parol evidence rule to exclude oral testimony of appellee. At the time of the sale appellee had signed a paper called a "used car order" on which appellant relies to invoke the parol evidence

100

rule, and which appellant contends is a complete written contract. This "used car order" is set out in a footnote.[1]

---

[1]                       USED CAR ORDER
Dealer's Name: Jack Crawford.
Address: 4825 Baum Blvd., Pittsburgh 13, Pa.      MU. 3656
Date: Jan. 30, 1950.
Please enter my order for one used car—as is:
Make: Buick, Model: sednt, Type: . . . ., Year: . . . . .
Motor No.: . . . ., Serial No.: . . . ., License or Title No.: . . . .
Cash price of car: 1395.00
Accessories:

No. 246
(Stamped:)
Deposit will hold car until . . . .

P & T: 5.00
Total Cash Price: 1400.00.
On Order: 50.00                          WMZ
Used Car Allowance: 200.00               R
Less: Bal. Due On My Car        590
Cash on Delivery: 1150.00.
Total Credit: 1400.00
Balance Due: . . . . .
Finance Charges: . . . . .
Amount of Contract: . . . . .

Record of Car Traded In
Make: Buick, Year: 37, Motor No. . . . ., Type . . . .,
    Serial No. . . . ., Model . . . . .
To Be Paid In —— Payments Of $—— Each

No Saleman's verbal agreement is binding on the Company; all terms and conditions of this sale are expressed in this agreement; any promises or understandings not herein specified in writing are hereby expressly waived. The above car is in good condition and we do not guarantee. Any adjustment or repairs made from this day on will be charged for. We do not guarantee the mileage, or model.

It is understood and agreed that the Title of Ownership of car as above described does not pass to me until the final cash payment is made. I certify that I am twenty-one years of age or over and that the car I am trading in is free from all encumbrances whatsoever, except as noted above.

In order to exclude parol evidence the writing must be a complete contract, importing a full legal obligation with no uncertainty as to the terms of the agreement. *Gianni v. Russell,* 281 Pa. 320, 126 A. 791; *Garrison v. Salkind,* 285 Pa. 265, 132 A. 125; *McMinn v. Mammone;* 169 Pa. Superior Ct. 1, 82 A. 2d 70. One need only examine the "used car order" to observe that it does not even purport to be a complete contract. Appellant incurred no legal obligation under it, for he made no promise to sell the car. This writing is, at most, a unilateral promise to purchase, unsupported by any consideration. In addition, the terms of the "agreement" are uncertain, since the car is not fully identified and no time for delivery is specified. *Potter v. Leitenberger Machine Co.,* 166 Pa. Superior Ct. 31, 70 A. 2d 390.

The full understanding between these parties was therefore partly written and partly oral, and it is settled that such a contract is not subject to the parol evidence rule. *Knapp Bros. v. Robinson Electrical Co.,* 103 Pa. Superior Ct. 463, 157 A. 11. The parties here did not even purport to integrate their entire agreement in a writing. Plaintiff's oral evidence was therefore admissible.

Appellant's only remaining complaint is the charge to the jury. The court below did not, as appellant states, charge that there was no written agreement, but only that appellee was not relying on a writing.

---

In the event this order is cancelled, the Dealer reserves the right to retain all deposits sufficient to cover liquidating damages. This order is not binding unless authorized by an officer of the company.

Buyer's Signature: John J. Witt.

Address: John Joseph Witt, 416 Lloyd St., Homewood, Pgh., Pa.

Salesman: (Boyle).

Phone: PE 1-3615.

In view of what we have said, however, there was in fact no written agreement, but only an unenforceable promise by appellee. In other respects the charge was generally correct and without error. There was sufficient competent evidence of the oral representations to warrant the verdict of the jury.

Judgment affirmed.