## Moss v. Moss

*Richard L. Kearns,* for plaintiff.

*Ronald M. Katzman,* for defendant.

SHELLEY, J., May 27, 1963.—This is a proceeding in equity brought by plaintiff against defendant pursuant to the Act of May 10, 1927, P. L. 884, as amended by the Act of May 17, 1949, P. L. 1394, 68 PS §501, et seq., to have property acquired by them by entireties sold and the proceeds divided between them.

Plaintiff avers that the parties were married on August 12, 1945, and thereafter, to wit, on August 28, 1950, acquired ownership by entireties of certain real estate known and numbered as 2007 Green Street, Harrisburg, Dauphin County, Pennsylvania, hereinafter referred to as the property. A final decree of divorce was secured by plaintiff on August 22, 1960, in the State of Florida.

Plaintiff asks us to:

"(a) Appoint a trustee to sell the land and to collect any rents from any tenant of the land until the land is sold.

"(b) Divide the rents and proceeds from the sale of the Land equally between the Plaintiff, subject to charging against the Defendant's share any rents to which the Plaintiff is entitled, which are withheld by the Defendant, and

"(c) Grant such other relief as the Court shall deem appropriate."

Defendant avers that plaintiff relinquished her rights and interest in the real estate involved prior to the divorce proceeding, thus terminating the tenancy by entirety, and asks us to:

"(a) Dismiss plaintiff's complaint in partition, and enter judgment in favor of defendant and against plaintiff with costs of suit; or

"(b) In the alternative, if such trustee is appointed, as prayed for, order said trustee to charge against plaintiff's share of the proceeds of the sale, one-half the costs of maintaining and repairing the said premises from January 1, 1959 to the present, plus the Thirty Five Hundred Dollars ($3,500.00) taken by plaintiff from defendant's funds.

"(c) Grant such other and further relief as the Court deems necessary."

The chancellor has considered all of the requests for findings of fact by the respective parties and from the evidence makes the following

*Findings of Fact*

1. Plaintiff and defendant were married August 12, 1945.

2. Plaintiff and defendant, as tenants by entireties, purchased the property on August 28, 1950. The property is more particularly bounded and described in paragraph 5 of the complaint.

3. Plaintiff and defendant were divorced by decree entered August 22, 1960, by the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida.

4. The said real estate is free and clear of all liens and encumbrances.

5. The record title to the property is in the names of plaintiff and defendant and they have not jointly

conveyed or entered into any agreement to convey the property.

6. Since the final decree in divorce, defendant has exercised exclusive control and custody of the property and has received all of the rental income therefrom.

7. Defendant has not denied the joint use of the property by plaintiff.

8. The parties have not entered into any agreement or contract by the terms of which plaintiff was to convey or did convey her right, title and interest in the property to defendant.

9. The parties have entered into a stipulation waiving the requirement of the Act of 1927, as amended by the Act of 1949, which provides that "the value of the property shall be proven by the testimony of at least two impartial and disinterested witnesses" and have agreed that the value of the property is between $10,-900 and $11,500.

10. The sole asset to be partitioned is the property.

*Discussion*

The property was acquired by the parties on August 28, 1950, which was subsequent to the effective date [1] of the 1949 amendment [2] to the Act of 1927. [3] The Act of 1927, as amended by the Act of 1949, provides that:

"Whenever any husband and wife, hereafter acquiring property as tenants by entireties, shall be divorced, they shall thereafter hold such property as tenants in common of equal one-half shares in value and either of them may bring suit . . . to have the property sold and the proceeds divided between them. . . ."

---

[1] Under the provision of the Act of May 28, 1937, P. L. 1019, art. I, sec. 4, as amended, 46 PS §504, the effective date of the 1949 amendment to the Act of 1927 was September 1, 1949.

[2] Act of May 17, 1949, P. L. 1394, 68 PS §501.

[3] Act of May 10, 1927, P. L. 884, 68 PS §501, et seq.

The effect of the amendment is that where real estate held by entireties was acquired after the 1949 amendment, divorce of the parties by virtue of the provisions of the act automatically converts the tenancy by entireties to a tenancy in common: Weiss v. Weiss, 75 Montg. 24, 28 (1958).

The Act of 1927, as amended, must be strictly construed and only such modification of the common law as the act clearly and definitely prescribes is to be recognized: Lazare v. Lazare, 365 Pa. 591 (1950). The principle of strict construction is likewise made mandatory by virtue of the Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 58, 46 PS §588, (8), which provides that provisions enacted prior to the effective date of acts which are in derogation of the common law shall be strictly construed. Consequently it follows that the legislature intended the divorce referred to in the act to be a divorce of a vinculo matrimonii.

Plaintiff did not offer in evidence the decree in divorce entered by the Florida court. A decree in divorce of a sister State is prima facie valid and the burden of proving the contrary is on the defendant: Kinter v. Kinter, 55 Dauph. 124 (1944). There was no such evidence offered by defendant. There is testimony also to the effect that plaintiff, after the divorce, married one Max Sawitz on June 21, 1962, and is now cohabiting with him in Virginia. We assume, therefore, that the decree was valid.

It is the contention of defendant that plaintiff waived and relinquished her rights and interests in and to the property here involved prior to the divorce, thus terminating the tenancy by entireties. He claims that at the time of the divorce the property was not being held by entireties but was owned by him, and that since the Act of 1927, as amended, is only applicable

to property owned by entireties at the time of the final decree in divorce, there was no real estate to be partitioned.

In support of his position, he relies upon two letters which he received from plaintiff after their separation. The first letter is postmarked January 10, 1959, and was written about five days after the separation. It contains the following excerpt:

"When you wish to sell the house, send the form that the lawyer will give you to me and I will sign over my ownership to you and you will be the sole owner."

The second letter was dated February 23, 1959, and contains the following reference to the house:

"Also, keep the house as long as you wish because it will mean an income for you and a place to live."

To support his contention defendant, in addition to the letters, testified to several phone conversations he had with plaintiff. He said that:

"She told me definitely she didn't want no part of the house or anything in the house. She stated I would need the house because of my disability and it will give me extra income."

He also said:

"She told me that I could keep the house."

The record discloses plaintiff's explanation of these letters. Her response to answers to questions asked her was:

"Q. And the agreement you had made previously, as evidenced by the letter, was just so much talk to you, is that right?

"A. It was made as a point at that time."

She also said:

"That letter was written one month after we separated, Mr. Katzman, in 1959, and I feel that the fair thing is to have my share of the property."

She testified that while she and her husband talked about the house, the conversation was as to whether

or not the house was rented and any money coming in from it. The matter of the property was left "completely unresolved." She denied she ever entered into any agreement or authorized any attorney to enter into any agreement on her behalf about the property.

There is no question but that an estate by entireties in real estate may be ended by parol partition: Runco et vir. v. Ostroski, et. al., 361 Pa. 593, 596 (1949); Merritt v. Whitlock, 200 Pa. 50, 55 (1901).

As to the legal requirements of establishing a contract, we said in Cohen v. DiNatale Floors, Inc., 77 Dauph. 240, 243 (1961):

"In an action on an alleged contract, plaintiff has the burden of establishing a definite and enforceable obligation, Potter v. Leitenberger Machine Company, 166 Pa. Super. 31 (1950). The existence of a contract must be established by evidence which is substantial, a mere scintilla is not enough, Rader v. Palletz, 160 Pa. Super. 335, 339 (1947) and where the evidence is conflicting, the determination whether a contract existed and what its terms were is for the jury to find from the testimony, Woolman v. Hancock Ice Company, 18 Pa. Super. 596, 598, 599 (1902); Young v. Slatington Rolling Mills, 56 Pa. Super. 134, 135, 136 (1914)."

Applying these tests to the testimony offered by defendant, we come to the conclusion there is no credible testimony to the effect that plaintiff ever made any offer to convey or did convey her interest in the property to defendant.

Defendant contends that not only was there a contract between the parties whereby plaintiff was to convey her interest in the property, but that in consideration therefor he would agree not to contest a divorce action which she had in contemplation. He testified that around the beginning of March, 1960:

"She stated again that she did not want any part of the property whatsoever, she didn't want anything, but if I would give her a divorce that I could keep the property that I was in."

This testimony must be considered along with other testimony which appears in the record.

The record indicates that plaintiff started her first divorce proceeding on September 25, 1959. This action she abandoned in February of 1960, because defendant had interposed an active defense. Plaintiff instituted a second divorce proceeding in April of 1960. Defendant, although he did file an answer to the proceeding, did not contest the action.

It is the opinion of the chancellor that the abandonment of the first divorce proceeding in February of 1960, the statement attributed to plaintiff around the beginning of March, 1960, and the commencement of the second divorce action in April of 1960 is more than a coincidence.

Furthermore, if there had been an agreement between the parties as contended by defendant and he had performed his part of the contract by not contesting the divorce action of plaintiff, such a contract even if otherwise binding would be void, illegal and unenforceable as against the public policy in Pennsylvania: Kilborn v. Field, 78 Pa. 194 (1875). The Supreme Court said in Zlotziver v. Zlotziver, 355 Pa. 299 (1946), that an adjustment of property rights between husband and wife is valid even though made in contemplation of a divorce, but a contract which has for its object the procurement of a divorce is illegal. The same rule is applicable in the State of Florida: Gallemore v. Gallemore, 94 Fla. 516, 114 So. 371 (1927); Potter v. Potter, 101 Fla. 1199, 133 So. 94 (1931).

Defendant asks us to dismiss the complaint. This we cannot do. Defendant likewise asks us in the alternative:

"To charge against the Plaintiff's share of the proceeds of the sale one-half the cost of maintaining and repairing the said premises from January 1, 1959 to the present, plus the Thirty Five Hundred Dollars ($3,500.00) taken by plaintiff from defendant's funds."

This prayer likewise we cannot grant.

The Act of 1927, as amended, provides only for the payment of claims which are liens of record against both or either of the parties to the partition proceeding. (68 PS §503.)

Under the Act of 1927, as amended, property held by a husband and wife as tenants by entireties is, upon divorce, conclusively presumed to belong one-half to each, so that following divorce a husband cannot recover from his former wife a sum equal to the equivalent of the money she withdrew from a bank account which had stood in their joint names as tenants by entireties even though he alleged that the money going into the account had originally been his own money: Edwards v. Edwards, 69 D. & C. 136 (1948).

Plaintiff is entitled to an accounting of the rents accrued by defendant. While the Act of June 24, 1895, P. L. 237, sec. 1, 68 PS §101, does provide an adequate remedy at law for the accounting of rent on property held by tenants in common, nevertheless the Act of 1927, as amended, provides for a "suit in the Court of Common Pleas sitting in equity" and since we have properly taken jurisdiction of the matter, we are required to retain such jurisdiction for all purposes in order to do complete justice: Long v. Trader Horn Coal Co., 396 Pa. 203 (1959).

## Conclusions of Law

1. Equity has jurisdiction of the subject matter and the parties.

2. The parties to this action while husband and wife on August 28, 1950, acquired as tenants by entireties real estate known and numbered as 2007 Green Street, Harrisburg, Pennsylvania.

3. The marriage of the parties was terminated by a divorce of a vinculo matrimonii on August 22, 1960, by a decree of the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida.

4. Plaintiff did not convey or transfer to defendant her interest in the property.

5. Prior to the divorce decree, the parties did not enter into any contract whereby the interest of plaintiff in the property was to be conveyed to defendant.

6. By reason of the decree in divorce, the parties became the owners of the property as tenants in common on August 22, 1960.

7. The proceedings are in accordance with the Act of May 10, 1927, P. L. 884, as amended by the Act of May 17, 1949, P. L. 1394; 68 PS §501, et seq.

8. Plaintiff is entitled to have a trustee appointed to make sale of the property and distribute the proceeds according to law as prayed for in her petition.

9. Defendant is not entitled to any setoff for money which plaintiff withdrew from the joint savings account of the parties prior to divorce.

10. Plaintiff is entitled to an accounting by Defendant of rents and profits received by him from the property.

We, therefore, enter the following

### Decree Nisi

And now, May 27, 1963, it is ordered, adjudged and decreed:

1. That a trustee be appointed to make public sale of the property known and numbered as 2007 Green Street, Harrisburg, Dauphin County, Pennsylvania.

2. The proceeds of the sale shall be distributed according to the Act of 1927, as amended; provided however that there shall be charged against defendant's share any rents and profits accruing from the property which an accounting shows is due plaintiff.

3. The prothonotary is directed to give prompt notice hereof to the parties and unless exceptions hereto are filed within 20 days after notice of the filing of this adjudication, this decree nisi shall be entered as of course by the prothonotary as a final decree.