## Oppy *v.* Pinsky, Appellant.

Submitted April 13, 1964. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Vincent M. Casey, Ralph J. Talarigo,* and *Smorto &
Creany,* and *Margiotti & Casey,* for appellant.

*R. Thomas Strayer* and *Perry & Strayer,* for appellee.

OPINION BY WRIGHT, J., June 11, 1964:

Harry Oppy, trading as Oppy Signs and Neon Company, filed a complaint in assumpsit against Marie E. Pinsky, trading as Canadian Fur and Cold Storage Company, seeking to recover damages for alleged breach of contract. The case was first tried before arbitrators who found in favor of the plaintiff in the amount of $406.50. Following an appeal by the defendant to the Court of Common Pleas of Cambria County, a trial before Judge ALTON A. McDONALD and a jury resulted in a verdict in favor of the plaintiff in the amount of $602.00. Motions by the defendant for new trial and judgment n.o.v. were dismissed, and judgment was entered on the verdict. This appeal followed. The factual situation appears in the following excerpt from the opinion below:

"In August, 1961, defendant asked plaintiff to design a neon sign for her new business location on Market Street in the City of Johnstown, and to repair an

old sign then in use and install it at the new location. The total charge for these services was $507.00. However, the plaintiff agreed to a contract price of $400.00.

"Plaintiff constructed the sign and installed it. The old sign was repaired and installed at the new location. Defendant was not satisfied with the colors in the new sign, although plaintiff testified it was constructed in accordance with the color agreed upon by the parties and harmonized with the store front. She required that it be removed and repainted with different colors. Plaintiff did so. He testified that no price was agreed upon for these services. However, a reasonable charge for removing the sign (which weighed 800 pounds), repainting it and reinstalling it, was $130.00. Defendant was again dissatisfied with the colors and demanded that it be repainted. Plaintiff refused. Thereupon, defendant had it removed by another sign painter and delivered to the plaintiff's place of business. She then ordered a similar sign from the other painter. Plaintiff again repainted the sign and replaced it without notice to the defendant. He said the reasonable charge for this service was $90.00.

"In addition to the contract for the construction of the sign and repair of the old sign, plaintiff orally agreed at the request of the defendant to prepare small placards at a cost of $6.50. These were prepared and delivered to the defendant. There is no denial of this claim, although defendant testified plaintiff had never billed her for this service".

The record discloses that the complaint included four causes of action as follows: (1) The contract price of $400.00; (2) The sum of $130.00 for the first removal, repainting and reinstallation; (3) The sum of $90.00 for the second removal, repainting and reinstallation; (4) The sum of $6.50 for the small placards. The jurors found for the plaintiff "under the first contract $400.00, second contract $130.00, third contract,

nothing, making a total of $530.00, plus 6% interest $65.60, plus $6.50 under the fourth contract, making total $602.00".

Appellant's contention on this appeal, according to his statement of the question involved, is that the court below erred in dismissing his motion for a new trial "predicated on the theory that the verdict as rendered by the jury was contrary to and against the weight of the evidence". It is peculiarly within the province of the trial judge to determine whether the jury's conclusion was against the weight of the credible evidence, and his disposition of the matter will not be disturbed on appeal in the absence of a palpable abuse of discretion: *Savitz v. Gallaccio,* 179 Pa. Superior Ct. 589, 118 A. 2d 282. And see *Kubacki v. Metropolitan Life Insurance Co.,* 193 Pa. Superior Ct. 138, 164 A. 2d 48.

Appellant's argument apparently relates only to the verdict of $130.00 on the second cause of action. Our review of the record reveals that the relevant issues were submitted to the jury in a comprehensive charge concerning which no complaint is made. The case presented simple questions of fact, the determination of which depended upon the resolution of conflicting testimony. The dispute was therefore a matter for the jurors to decide: *Rader v. Palletz,* 160 Pa. Superior Ct. 335, 51 A. 2d 344; *Smail v. Penowa Coal Sales Co.,* 170 Pa. Superior Ct. 312, 85 A. 2d 660. We are satisfied that their verdict is supported by the evidence and should not be disturbed.

Judgment affirmed.