# William H. Seibert, Plff. in Err., v. William Householder.

Where it is admitted that work sued for was done under a contract by which its price was definitely fixed, but there is a conflict as to what the contract price was, evidence as to what others would have done the work for is inadmissible.

(Argued May 31, 1887. Decided October 3, 1887.)

May Term, 1887, No. 13, M. D., before GORDON, Ch. J., TRUNKEY, CLARK, GREEN, and STERRETT, JJ.   Error to the Common Pleas of Dauphin County to review a judgment for plaintiff in an action of assumpsit.   Affirmed.

Seibert, the defendant below, made a parol contract with Householder to do the carpenter work on five houses for a certain price.

Householder, not having been paid all that he claimed was due him for the work, brought this action for the balance, and testified that the work was done under a parol contract fixing the price at $84 each for four of the houses and $175 for the fifth, making $511 in all.

The defendant also testified that the work was done under a parol contract fixing the price, but claimed that the price fixed was $74 for each of the five houses, making $370 in all.

Defendant thereupon called as a witness one Radabaugh, with whom he had contracted for the carpenter work on two other similar houses, his counsel stating to the court:

"We propose to prove by this witness what the work which plaintiff did was worth, for the purpose of leading to the conclusion that Mr. Seibert is more likely correct (in his statement) as to what the contract was, because what he says was the amount agreed upon for the work was what other men would have done the work for, and what these men actually did do work of the same kind for."

Objected to, on the ground that this is a suit upon a contract; that the question is not what the work on the houses was worth, but what the contract was; and that the evidence now proposed to be offered is not material to the issue.

By the Court:

"I do not think it is evidence. You both agree that a contract was made, and the only question is certainly what that contract included.   Now that is a matter of positive proof, and upon that matter both sides have been heard; and the jury must determine.   I think this would only lead us astray."

Evidence excluded, and at defendant's request exception allowed.

The jury rendered a verdict for plaintiff, on which judgment was entered; and defendant took this writ, assigning for error the ruling of the court in rejecting the above offer of proof.

*Elias Hollinger,* for plaintiff in error.—We are all well aware that the plaintiff's case in the court below rested on a contract; upon that fact there never was any dispute; but when we come to the question, What was the contract? the evidence was not so harmonious. If the plaintiff testifies to the truth, $511 was to be the price; if the defendant tells the truth, it was to be considerably less than $400. How was the jury to know whose statement was correct?

It seems to us on the part of the plaintiff in error that when the witness Radabaugh was called and ruled out, this case certainly was in a situation in which it was desirable either to corroborate the leading witness on the one hand, or to impeach the leading witness on the other; otherwise, the finding of the jury would be to a great extent guesswork. "Any evidence which tends to impeach the credibility of a witness is relevant." Magehan v. Thompson, 9 Watts & S. 54; Albert v. Northern. C. R. Co. 98 Pa. 316.

"There is no rule of law," says Justice ROGERS, "which has come under my observation, which prevents a party from giving additional confirmatory, cumulative, and corroborative evidence of facts previously proved, or which tends to strengthen, add force or probability to, such evidence." Myre v. Ludwig, 1 Pa. St. 47.

In an action of assumpsit, where the evidence is doubtful, almost anything which may probably throw light on the matter is usually, and in general, properly admitted. Parker v. Donaldson, 6 Watts & S. 133.

*Weiss & Gilbert* for defendant in error.

PER CURIAM:

The plaintiff in error, defendant below, admits that the work sued for was done under a contract by which its price was definitely fixed. It was, therefore, to no purpose to prove for what price others would have done the work; hence, the offer covered by the assignment of error was properly refused.

Judgment affirmed.