# Blank *v.* Shoemaker, Appellant.

*Contract—Sale—Evidence as to purchase-price.*

In an action to recover forty dollars, a balance alleged to be due on the sale of a wagon, where the plaintiff avers that the selling price was sixty dollars, and the defendant avers that the selling price was twenty dollars, and that this had been paid in full as shown by a receipt produced, and the plaintiff denies having signed the receipt, although admitting that he received twenty dollars, the defendant will not be permitted to show what was the market value of the wagon at the time of the sale.

Argued Oct. 24, 1916.   Appeal, No. 61, Oct. T., 1916, by defendant, from judgment of C. P. Carbon Co., Oct.

Statement of Facts—Opinion of Court below. [65 Pa. Superior Ct.
T., 1911, No. 4, on verdict for plaintiff in case of D. G.
Blank v. Phaon Shoemaker. Before ORLADY, P. J.,
PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WIL-
LIAMS, JJ. Affirmed.

Appeal from judgment of justice of the peace.

Assumpsit to recover a balance alleged to be due on the
sale of a wagon.

The jury returned a verdict in favor of the plaintiff
for $40.

On a rule for a new trial BARBER, P. J., filed the fol-
lowing opinion:

In this action plaintiff sought to recover a balance of
forty dollars, claimed to be due upon a contract for the
sale of a wagon, delivered to the defendant. Defendant
contended that the agreed price for the wagon was but
twenty dollars, which he had paid and for which he pro-
duced a receipt reading "Received from P. E. Shoemaker,
twenty (20) dollars in full on wagon." Plaintiff ad-
mitted the receipt of the twenty dollars, but denied hav-
ing signed the receipt in question. The jury found a
verdict in favor of the plaintiff for forty dollars. At the
trial, defendant, to sustain his contention that twenty
dollars was in full, offered to show by several witnesses,
what was the market value of the wagon; and the prin-
cipal reason assigned for a new trial is that the court
erred in sustaining plaintiff's objection to this testimony.

In this suit plaintiff sought to recover an express con-
tract, and would not have been permitted to introduce
evidence as to the value of the wagon.

In Kelley v. Foster, 2 Binney 4, where the plaintiff has
declared upon an indebitatus assumpsit and quantum
meruit, evidence can be introduced of a contract to pay
a specific sum, and TILGHMAN, C. J., said:

"The only objection to this general manner of declar-
ing is, that the defendant may be taken by surprise. But
with proper caution he never can; for he may demand
the plaintiff to specify the nature of the evidence he

means to offer, and until this is done the court will not suffer the plaintiff to bring on the trial."

The plaintiff here specifically sets forth his contract, which he must prove, for allegations and proofs must correspond.

"The law implies a promise to pay what services are worth when they are, upon request, performed, and the parties have not expressly agreed upon a raté of compensation; but if the amount of compensation has been agreed upon, or a rule adopted by which it is to be ascertained, the law lets the contract stand as the parties have made it......When evidence is contradictory as to whether the parties have agreed upon the compensation which is to be paid for services, or for goods sold and delivered, there is no presumption of law that the contract as made was not complete in all its terms.   The truth is to be determined from the evidence produced as in any other disputed question of fact":   Johnson v. Wanamaker, 17 Pa. Superior Ct. 301.

If the plaintiff's proofs must correspond with the allegation, then it would be equally unfair to allow defendant to introduce evidence which the plaintiff could not be expected to meet.

In the case of Seibert v. Householder, 9 Cent. Rep. 157, plaintiff made a parol contract with defendant to do carpenter work on five houses.  At the trial there was a conflict of evidence as to what the contract price was, when the defendant offered to prove what the work which the plaintiff did was worth, for the purpose of leading to the conclusion that the defendant is more likely correct in his statement as to what the contract price was.   The court below sustained the objection to offer of proof and upon appeal the Supreme Court affirmed the ruling, being the only question involved.

And now, February 10, 1916, the motion for a new trial is denied and judgment directed to be entered upon the verdict upon payment of the jury fee.

Assignment of Error—Opinion of the Court. [65 Pa. Superior Ct.

· *Error assigned* was the refusal to admit evidence relating to the market value of the wagon at the time of the sale.

*Ben Branch,* of *Freyman, Thomas & Branch,* for appellant.—Evidence of the value of the wagon should have been admitted: Rauch v. Scholl, 68 Pa. 234; Seibert v. Householder, 8 Sadler 576.

*P. M. Graul,* for appellee.

OPINION BY ORLADY, P. J., December 18, 1916:

The only question involved in this case is one of fact, and is tersely stated by the trial judge in submitting it to the jury, "What did this defendant agree to pay for the wagon when he bought it?" The purchase-price was disputed, as well as the effect to be given to a receipt alleged by the plaintiff to have been "in full," and by the defendant to have been "on account." The questions raised by the appellant are so fully answered in the opinion of the trial judge in refusing a new trial, that it is unnecessary to add anything thereto.

The judgment is affirmed.