United Embroidery Co. Inc. *v.* Gorin et al.,
Appellant.

Argued October 15, 1929.

Before PORTER, P. J.,
TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and
and BALDRIGE, JJ.

*Jos. A. Keough,* and with him *Julius C. Levi,* for
appellant.

*J. Finkelstein,* and with him *David S. Malis,* for appellee.

Opinion by Linn, J., January 29, 1930:

Plaintiff has judgment in this suit for the contract price of embroidering fur-coat linings for defendant. The case was tried without a jury. Both sides agree that the contract price was $1.50 per yard but differ whether that rate was to be applied to the number of yards of lining or to the number of yards of embroidery put on the lining. Sixty yards of lining 40 inches wide were delivered by defendant to plaintiff and 120 yards of embroidery were put on the linings, that is, each yard of lining contained two yards of embroidery, one yard on each single-width of 20 inches. This dispute of fact was settled by the court below and as there is evidence to support the finding, it is final here, like the verdict of a jury. Appellant also complains of the following ruling:

"Q. What were the standard prices for that kind of work? (Objected to.) (Objection sustained.)

Mr. Keough: I offer that to show that if the prevailing market price was as witness would testify, it is not likely he would pay twice that price for the same kind of work.

The Court: Objection sustained.

(Exception noted for defendant.)"

The assignment is without merit. Appellant agrees that there was an express contract to pay $1.50 a yard; the question of fact was, a yard of what? The court believed plaintiff's evidence and not defendant's. While "much latitude must necessarily be allowed in the admission of corroborating testimony in such cases" (Hamilton v. Hastings, 172 Pa. 308), no reason appears for receiving the evidence offered in this case (Blank v. Shoemaker, 65 Pa. Superior Ct. 255; Seibert

v. Householder, 8 Sadler 576), even if the form of the offer had not been defective, (Scott v. Lindgren, 97 Pa. Superior Ct. 483).

Judgment affirmed.