Snyder, Appellant, v. Markitell et ux.

Argued March 26, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*D. J. Snyder, Jr.,* with him *Fred B. Trescher, Kunkle, Trescher & Snyder* and *Fisher, Ruddock & Simpson,* for appellant.

*Joseph M. Loughran,* for appellees.

OPINION BY MR. JUSTICE HORACE STERN, April 14, 1947:

In this case the jury rendered a verdict which cannot be sustained. Illogical and clearly erroneous, it resulted quite inevitably from the improper admission in evidence of divertive and misleading testimony offered by defendants.

On the rear of a lot which defendants owned in Greensburg was a brick stable building which they wished to have remodeled into a dwelling house for their own occupancy. For that purpose they entered into an oral contract with plaintiff, a building contractor, who prepared and discussed with them the necessary plans. It was afterwards decided to change

the proposed reconstruction from a single to a double family dwelling and also to build a small garage. The work proceeded over a period of seven months. At its conclusion a dispute arose as to the amount due plaintiff. According to his version of the agreement he was to be paid on the basis of cost plus ten per cent; according to defendants the contract was for a flat price of $3500 or "no more than $4000". Plaintiff claimed $10,097.10 as the amount due, less payments of $5000 made by defendants during the course of the work, and he brought the present suit to recover the balance of $5097.10. Defendants, insisting on the alleged maximum of $4000, admitted additional liability for some extras but claimed allowances for certain amounts they had expended which, they asserted, should have been paid by plaintiff, the result being that, instead of anything being due to him, they counterclaimed for the sum of $632.50 as owing them by plaintiff. It is not necessary to consider these collateral items and claims because they are all dependent as to their validity upon the determination of the principal controversy between the parties.

The verdict of the jury was for plaintiff in the sum of $2500 plus interest. Plaintiff appeals.

Did the agreement provide for compensation to plaintiff on a cost plus basis or for a flat contract price? That was the issue and the only issue in the case. Theoretically, defendants might, of course, have attacked plaintiff's claim on various other grounds,—for example, that the work was not done properly, or that not all the material allegedly furnished actually went into the building, or that not all of the labor charged for was necessary, or that plaintiff did not pay for the material and labor the prices claimed by him, or that there was fraud or collusion between him and his sub-contractors and materialmen, or that he did not exercise good faith in purchasing the material at the lowest available prices, or that he did not buy it from reputable and trust-

worthy dealers. But none of any such conceivable issues was in fact raised by defendants at the trial, nor did they offer any testimony in regard to such matters. Therefore, there was only one of two verdicts that the jury could properly render,—one based on a finding that the contract was on a cost plus basis in which case plaintiff was entitled to the amount he proved to have been expended by him together with the additional amount due him for his commission, or one based on a finding that the contract was for $3500 or $4000, in which case, subject to adjustments as to the alleged extras and counterclaims, the verdict should have been for defendants.

The only question, therefore, for the jury was this: Which of the parties had correctly stated the terms of their agreement? But defendants offered the testimony of two builders, alleged experts, who were asked the highly ambiguous question: "What in your opinion would be the cost of that work to the owner?" This presumably was intended to elicit from them an estimate as to what they themselves would have charged for the work, or what they thought other contractors might have charged; the one witness answered that the cost would be $6750, the other $6972.82. The admission of this testimony over plaintiff's objection was clearly erroneous: *Seibert v. Householder*, 8 Sadler 576; *Blank v. Shoemaker*, 65 Pa. Superior Ct. 255; *United Embroidery Co., Inc., v. Gorin*, 97 Pa. Superior Ct. 598. It raised an issue that was not in the case. Plaintiff was not suing on a quantum meruit but on an express contract. If defendants' version of the agreement was to prevail plaintiff was entitled only to the flat price agreed upon; if, on the other hand, plaintiff's version was accepted by the jury he was entitled to the sums actually expended by him for material and labor plus ten per cent for his services of supervision. If he honestly and in good faith paid out the amounts he claimed

(and this, as already stated, was not challenged) he was entitled to recover those outlays irrespective of any expert opinions as to whether the work could have been done for less. The verdict rendered by the jury shows that they were confused and led astray by this improper testimony; they evidently decided that the agreement between the parties was not for $3500 or $4000 but on a cost plus basis, but then, instead of awarding to plaintiff a verdict for the amount the work actually cost him, they undertook to determine what it could possibly have been done for in the light of the opinions of defendants' experts and they cut down plaintiff's verdict accordingly.

During the course of the operation plaintiff submitted to defendants each month an elaborately itemized statement showing in detail all the material and labor used in connection with the work during the preceding month. To each such statement was attached the invoices from the several materialmen named therein and also a payroll sheet giving the names of all the persons employed on the job during the month, the hours they worked each day, and the amounts paid by plaintiff for their services. There was then shown the total amount, including plaintiff's ten per cent commission, which was due up to that time. Not once did defendants raise any question or voice any protest in regard to the statements thus rendered; their explanation of their failure to do so is wholly unconvincing. While plaintiff does not contend that these unrepudiated statements became accounts stated which, as a matter of law, bound defendants and rendered them liable for the amounts appearing thereon to be due, certainly the fact that they never challenged the statements tends to support plaintiff's version of the agreement. If the case is re-tried this feature of the testimony should be called to the attention of the jury.

Judgment reversed and new trial awarded.