Lewis & McDowell, Inc., *v.* Yahr, Appellant.

Argued October 1, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

reargument refused November 26, 1947.

*Abraham Pervin,* with him *Averbach & Pervin,* for appellant.

*Jason Richardson,* with him *Frank R. Bolte,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, November 10, 1947:

Lewis & McDowell, Inc., appellee, instituted a scire facias sur mechanic's lien proceedings against S. Yahr, appellant, owner or reputed owner of premises situate at the corner of Ellsworth Avenue and College Avenue, East Liberty, Pittsburgh, Pennsylvania, on a mechanic's lien for materials furnished and work and labor done for the repair of appellant's building. The work was done pursuant to a contract setting forth specific net charges and there was to be added to cost 15 per cent overhead and 15 per cent profit. The contract arose out of an estimate submitted by appellee and accepted by appellant. Appellant filed an answer and affidavit of

defense averring an inducement agreement that altera-
tions and repairs be performed in a maximum period
of four to six days; denying that the statement at-
tached to the mechanic's lien was a true and correct
statement of the kind and character of work and labor
done and kind and amount of materials furnished and
respective dates; denying that prices charged were the
true and correct prices for labor and material, averring
to the contrary that charges were excessive; and assert-
ing failure to perform pursuant to the terms of the
contract. A jury returned a verdict in amount of
$8659.07 in favor of appellee. This appeal is from vari-
ous complaints concerning instructions to the jury and
from the judgment of the court below refusing appel-
lant's motion for a new trial.

S. Yahr, in May, 1945, called J. G. Fullman, repre-
sentative of Lewis & McDowell, Inc., appellee, and re-
quested him to inspect appellant's building. Upon exam-
ination the building appeared to be in fairly good con-
dition but because of the nature of the construction and
repairs, an estimate on a cost-plus basis was submitted
to appellant. The estimate, dated May 8, 1945, was ap-
proved by Yahr on May 29, 1945, after having added
"estimated 4 to six working days." The letter was as
follows:

"In reference to our examination of your building
located at the corner of Ellsworth Ave. and College Ave.
in the East Liberty section of Pittsburgh, Pa. on April
28th, we hereby propose to furnish all labor, material,
equipment, compensation and other insurance and every
other item of expense necessary to do the work required
to remove all disintegrated concrete as instructed by you
or your architect and in compliance with the Bureau of
Building inspection of the City of Pittsburgh at cost
plus 15% overhead, plus 15% profit.

"Labor and equipment charges will be as follows;
which are net prices, to which profit and overhead will
be added;

| | | |
|---|---|---|
| Air Compressor | Per Week | $100.00 |
| Cement Gun | Per Week | 75.00 |
| Chipping Hammers—Each | Per Week | 5.00 |
| Air Hose—Each Hammer | | 5.00 |
| Superintendent | Per Week | 100.00 |
| Nozzleman | Per Week | 80.00 |
| Cement Gun Operator | Per Week | 70.00 |
| Laborers—Each | Per Day | 8.00 |

Sand, Cement, and reinforcement, transportation for men and equipment, and other miscellaneous supplies will be charged at cost plus above overhead and profit.

We estimate from surface inspection that there will be approximately 500 sq. feet of Gunite to place approximately 2″ thick.

Gunite will be reinforced with 2″x2″x12x12 wire mesh anchored to the existing concrete with anchor bolts, if any reinforcing rods are required they will be installed.

The charge to you for this work will be the net cost of the work at prevailing market prices, to which we will add our profit of 15% and overhead of 15%.

Payment to be made ten days after completion.

Yours truly,

LEWIS & McDOWELL

J. G. FULLMAN, Gen'l Mgr.

(Pittsburgh Office)

Accepted

May 29th 1945

S. Yahr

Mr. S. Yahr

estimated 4 to six working days.″

Fullman and Yahr met on the premises after acceptance of the terms of the letter, and Yahr was shown large chunks of disintegrated concrete falling off the

building where it had appeared that only hair line cracks had existed. Yahr said: "There isn't anything else to do about it. We will have to go ahead and fix everything up the way it has to be fixed." As a result, construction continued from approximately June 27, 1945, until August 29, 1945, when the work was completed. Thereafter, appellee submitted his bill in accordance with the terms of the agreement and appellant refused to pay. A mechanic's lien was duly filed of record and on January 26, 1946, the present proceedings were begun.

Appellant does not contend nor attempt to prove that moneys itemized were not actually expended. He contends that the entire contract was a cost contract; that he could be billed only for actual contract costs; that the notation "estimated 4 to six working days" constituted a time within which appellee was required to complete the work; that the work could have been completed in said estimated time; that costs should not have exceeded $1500, and; that Section 36 of the Act of 1901, P. L. 431, 49 P.S. Section 157, providing that a defense which shows that the claim was intentionally filed for a grossly excessive amount shall defeat entirely the claim, was applicable. The trial judge stated to the jury that the contract was a cost-plus basis undertaking; that the words "estimated 4 to six working days" were a part of the contract, but simply an estimate, an approximate calculation; that the only issue before the jury was whether "the plaintiff has met the burden of proof resting upon it showing that this was the cost of doing the particular job here concerned"; that the plaintiff had made out a prima facie case; that the burden then shifted to defendant to attack, by proper evidence, any item that was challenged, and that defendant had done that generally but not specifically; and their verdict should be for the plaintiffs in an amount to be determined according to the evidence.

The record clearly establishes a cost-plus contract. This action is not based on *quantum meruit* and, therefore, what others might have charged for the same was not relevant to any issue present. Comparative costs were properly excluded and the issue limited to proof of cost incurred and work done. Cf. *Snyder v. Markitell*, 356 Pa. 391, 394, 52 A. 2d 186, 187. We find no error of the trial judge or the court below in the record.

Judgment affirmed.