421 A.2d 324

C. Victor SHUEY

v.

**John F. RUMP, Jr. and Anita M. Rump, his wife, Appellants.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed Aug. 8, 1980.

Thomas P. Harlan, Lebanon, for appellants.

David J. Brightbill, Lebanon, for appellee.

Before BROSKY, WICKERSHAM and ROBERTS, JJ.*

ROBERTS, Judge:

This case arises from a dispute over an oral contract to build a house. The builder claims that the contract was for materials and an hourly labor charge, the owners claim that the agreement was for a fixed price of $35,000. The owners, John and Anita Rump, paid the $35,000 but refused further payment. The builder, C. Victor Shuey, ceased work before the house was completed and brought suit for $6,341.25, the amount over $35,000 he claims still due him for his work, based on materials and labor. The Rumps counterclaimed for $10,237.28 alleging that certain work was not performed properly and that, contrary to the agreement, certain fixtures and appliances were not supplied. A jury returned a verdict for Shuey in the amount of $6,308 and also awarded the Rumps $800 on their counterclaim. The owners, the Rumps, now appeal the jury award to builder Shuey.

* Justice SAMUEL J. ROBERTS of the Supreme Court of Pennsylvania, is sitting by designation.

At trial Shuey called Paul Reber, a local contractor, as an expert witness. Pretrial discovery indicated that Reber, who had viewed the Rumps' home, would testify as to the defects on which the Rumps' counterclaim was based. Reber did testify on this issue. Then, however, Reber began to testify on what he, as a local contractor, would have charged to build a similar home at that time. The Rumps timely objected to this testimony and asked to approach the bench. At sidebar, counsel for the Rumps explained that he was surprised by the theretofore undisclosed nature of Reber's new testimony and asserted that such testimony was irrelevant. The trial court overruled these objections and allowed Reber to proceed. Reber then testified that, at the time the Rumps' home was built, he was charging $31 per square foot for housing and $10 per square foot for garage construction. The square footage of the Rump home and garage was then given to the jury. Based on these figures Reber's testimony was to the effect that his charge for such a house would have been something over $50,000, a figure clearly higher than either the $35,000 fixed price claimed by the Rumps or the approximately $41,000 cost claimed by Shuey. We conclude that the trial court erred in admitting over objection this testimony.

The principal dispute in this case concerns the terms of an express oral contract. The only question then is which party has stated the terms of the contract correctly. The Rumps did not claim that Shuey's price of approximately $41,000 was unreasonable. Rather they claimed only that he had agreed to build the house for the fixed price of $35,000. Expert testimony as to what other local contractors might have charged for similar construction is thus beside the point. This is established by our Supreme Court's unanimous decision in *Snyder v. Markitell*, 356 Pa. 391, 52 A.2d 186 (1947), a case very similar to this one. As then Justice, later Chief Justice, Horace Stern explained:

"The only question ... for the jury was this: Which of the parties had correctly stated the terms of their agreement? But [the owners] offered the testimony of two

builders, alleged experts, who were asked the highly am-
biguous question: "What in your opinion would be the
cost of that work to the owner?" This presumably was
intended to elicit from them an estimate as to what they
themselves would have charged for the work, or what
they thought other contractors might have charged . . . .
The admission of this testimony over [the builder's] objec-
tion was clearly erroneous: *Seibert v. Householder*, 8
Sadler 576 [10 A. 784]; *Blank v. Shoemaker*, 65 Pa.Super.
255; *United Embroidery Co., Inc. v. Gorin*, 97 Pa.Super.
598. It raised an issue that was not in the case. [The
builder] was not suing on a quantum meruit but on an
express contract. If [the owners'] version of the agree-
ment was to prevail [the builder] was entitled only to the
flat price agreed upon; if, on the other hand, [the build-
er's] version was accepted by the jury he was entitled to
the sums actually expended by him for material and labor
. . . ."

Id., 356 Pa. at 394, 52 A.2d at 187. In *Snyder* the owner
attempted to show that the builder's claim was higher than
the usual local cost for such construction. Here the builder
sought to show that his claim was lower. We believe this
testimony is equally irrelevant.

This is particularly so in the special circumstances of this
case. In the usual case of an arms–length transaction
between owner and builder, expert testimony concerning
local pricing might be relevant to discredit as unreasonable
an owner's claim of an express oral contract for a certain
low fixed price. But there is ample evidence in this record
to indicate that the present transaction was not fully at
arms–length. The record establishes that Shuey had been
friends of the Rumps and their family for many years and
that Shuey agreed to build the house primarily out of
friendship to the Rumps and in order to give his sons
experience working on new construction. As Shuey admit-
ted at trial, he was not making money on the house. In such
a circumstance, expert testimony concerning what some
other local contractor would have charged an arms–length
customer was clearly irrelevant and was certainly likely to

distract the jury from focusing on the question concerning the original agreement between the parties. This testimony should not have been admitted.

Moreover, the existence of the Rumps' counterclaim does not change this result. Testimony as to the usual cost of local construction is clearly equally irrelevant to the claim that Shuey's workmanship on the Rumps' house was faulty. Indeed, at the time of his objection to this testimony, counsel for the Rumps expressly disclaimed any attack on the reasonableness of Shuey's charge.[1]

For the foregoing reasons, the judgment in favor of Shuey is vacated and a new trial is granted.

---

1. In light of our disposition we do not address the claims that Reber's testimony should have been excluded solely because it was not disclosed at pre–trial conference or because it was not representative of community pricing, but only of Reber's particular rates. In addition we need not consider the Rumps' challenges to other adverse evidentiary rulings by the trial court.