Schlechter *v.* Foltz, Appellant.

Argued March 23, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

120

*Walter Stein*, with him *Gray, Anderson & Schaffer*, for appellants.

*Frank J. Eustace, Jr.*, for appellee.

OPINION BY HIRT, J., July 21, 1955:

The action was brought by plaintiff, a real estate dealer, to collect a commission on a sale made by the defendants, the appellants here, of their real estate through another broker. On January 14, 1951, these defendants gave the plaintiff an exclusive right to sell their dwelling property in Philadelphia. In the agency contract, on a printed form, the defendants agreed that: ". . . if the said property shall be sold or exchanged by me during the term of the said agency whether effected by you or by myself or by any other person, I shall and will pay to you the Philadelphia Real Estate Board's approved commission of 5 percent upon the total selling price." As to the term of the agency the writing provided: "The said sole and exclusive agency shall continue until terminated by me upon and after 30 days' prior notice in writing to you given of my intention so to terminate, but in no event shall it be terminated within less than *until sold* months from the date hereof." The defendants testified that the phrase in italics was inserted in a blank space in the printed form after they had signed it and

that they were not given a copy of the contract until three months later. On April 26, 1951, the defendant George E. Foltz, intending to terminate the agency, wrote plaintiff as follows: "Please be advised that we have removed 1940 69th Avenue off the market. I have removed your sign, please call for same at your convenience. You have had this property for sale for over three months and to date you have not had any results. Please acknowledge receipt of release of this property."

The price at which the property was to be listed was set forth in the agreement at $17,000. Defendants through another broker sold the property on July 18, 1951, for $11,500. In so doing they assumed that their letter of April 26, 1951, was effective to terminate plaintiff's exlusive right to sell 30 days from its date. The jury on the trial of this case found for the plaintiff in the sum of $668, and judgment in that amount was entered on the verdict.

The record in this appeal discloses that the defendants are entitled to a new trial for a number of reasons. We need refer to but two of them.

The plaintiff's cause of action was submitted to the jury both on the written contract and on quantum meruit and he was permitted to recover on the latter. This was error. One who claims on an express contract to pay a fixed compensation but who fails to prove his contract, cannot recover on quantum meruit by proving simply the value of the services rendered without showing an actual promise to pay. *John Conti Co., Inc. v. Donovan*, 358 Pa. 566, 57 A. 2d 872. The law implies a promise to pay what services are worth when performed on request and the parties have not expressly agreed upon the price to be paid, but if the amount of compensation has been agreed upon the law lets the contract stand as the parties have made it.

*Johnson v. Wanamaker,* 17 Pa. Superior Ct. 301. Cf. *Nuebling et al. v. Topton Boro.,* 323 Pa. 154, 185 A. 725. There was no evidence of the value of plaintiff's services in this case and no proof of a promise by defendants to pay on the basis of what they were worth.

Plaintiff's right of recovery depends upon whether the written contract of the parties, as creating an exclusive right to sell, was in effect when the defendants sold the property. At best the charge of the court on that phase of the case was conflicting and must have been confusing to the jury. The provision in the contract providing: "In no event shall it be terminated within less than *until sold* months from the date hereof" did not necessarily create an exclusive right to sell for an indefinite term without the right of termination even if the blank had been filled in with the italicized phrase before signing. The legal effect was the same as though no specific time was fixed for performance. Where no time is specified for the performance of an act, the law implies that it must be done within a reasonable time. *Detwiler et al. v. Capone et ux.,* 357 Pa. 495, 502, 55 A. 2d 380; *Potter v. Leitenberger Machine Co.,* 166 Pa. Superior Ct. 31, 70 A. 2d 390; *Ehinger v. Baizley Iron Works,* 248 Pa. 309, 93 A. 1074; *L. C. S. Colliery, Inc. v. Globe Coal Co.,* 369 Pa. 1, 84 A. 2d 776. Under the circumstances of this case, what was a reasonable time within which the defendants could terminate the contract was a question for the jury under proper instructions from the court. *Shepler v. Scott,* 85 Pa. 329. Adequate instructions on that phase of the case were lacking.

Judgment reversed with a venire.