Lampl Asphalt Paving Company, Inc., Appellant,
*v.* Huber, Hunt and Nichols, Inc.

Argued November 13, 1973. Before WRIGHT, P. J.,
WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH,
JJ. (SPAULDING, J., absent.)

Before SILVESTRI, J.

*Richard S. Crone,* with him *Crone and Zittrain,* for
appellant.

*Carl A. Eck,* with him *Mayer, Darragh, Buckler, Bebenek & Eck,* for appellee.

OPINION BY WATKINS, P. J., April 3, 1974:

This is an appeal from an order of the Court of Common Pleas of Allegheny County, Civil Division, denying plaintiff's motion to remove judgment of a compulsory nonsuit.

This was a case in assumpsit involving an agreement between Lampl Asphalt Paving Company, Inc., t/a Highway Ready-Mix Company (hereinafter referred to LAMPL) and Huber, Hunt and Nichols, Inc. (hereinafter referred to as HUBER), to provide concrete at a unit price per cubic yard. The concrete was to be used on a construction project of General Motors Corporation. The concrete to be so furnished by LAMPL was to be in accordance with concrete mix designs created and provided by Michigan Testing Engineers, an independent testing laboratory, acting for General Motors and in accordance with the contract. LAMPL alleged that the concrete mix designs resulted in an overyielding of concrete in excess of 27 cubic feet per cubic yard or 8% more per cubic yard for every cubic yard billed and seeks to collect $248,967.45.

An offer was made to prove these facts setting forth in detail the proof to be provided by a list of witnesses. The court below sustained objections to the offer of LAMPL and as no other testimony was available, a compulsory nonsuit was granted. LAMPL moved to remove the nonsuit and this appeal followed.

The court below in an able opinion by Judge SIL-VESTRI pointed out the problem presented by LAMPL's offer by saying:

"Here we are not dealing with a specific breach of a contract but with a claim to the effect that there was an express written contract and Huber received more concrete under that contract than it paid for. The

claim is not predicated on any accident, mutual mistake, or fraud on the part of Huber but instead is bottomed on a recalculation of materials with variable factors using a proper theoretical design mix for concrete.

"Lampl, in its pleadings, set forth the existence of an express contract between it and Huber, one of the terms being that Lampl '. . . was obligated to furnish ready-mix concrete in accordance with concrete mix designs created and provided by an independent testing laboratory acting on behalf of Argonaut Realty Division of General Motors Corp., the owner of the project.'

"It is apparent that this term of the agreement was a substantial and material part of the contract. It was neither the function or duty of either Lampl or Huber under the contract to set the design mix for the concrete. This determination was to be made by the owner of the project being constructed, and could not, unless otherwise agreed, be changed by either Lampl or Huber.

"When one pleads an agreement as the basis of his claim, it is the agreement sued on which must control the determination of the case. Franklin Sugar Ref. Co. v. Eiseman, 290 Pa. 486, 139 A. 147 (1927). Lampl, by this action, has affirmed the contract with Huber and all of its terms. It now seeks to change one of the terms, namely, to exchange the design mix of its own, being a theoretical design mix, for the design mix of the independent testing laboratory. The requirement in the contract that concrete mix design was to be provided by an independent testing laboratory was neither an immaterial matter nor mere surplusage, since the sole subject matter of the contract was concrete, it went to the heart of the contract. The offers of proof by Lampl are an attempt at best to vary the terms of its contract and at worst to substitute a material term of the contract with a completely different

term. This it cannot do. The law lets the contract stand as the parties have made it. Blank v. Shoemaker, 65 Pa. Superior Ct. 255 (1916); Morgan v. Gamble, 230 Pa. 165, 79 A. 410 (1911); and Snyder v. Markitell, 356 Pa. 391, 52 A. 2d 186 (1947).

"The offers of proof by Lampl clearly establish that the independent testing laboratory did in fact provide design mixes for the concrete, both orally and on slips of paper and that the design mixes were changed from time to time. The fact that Lampl did not keep a record of them to reflect upon and recalculate the production therefrom after the completion of the contract is no justification for allowing them to alter the terms of the contract by substitution their theoretical mix design for that of the independent testing laboratory.

"An express contract with Huber having been pleaded by Lampl, it is that contract which controls the determination of the rights of the parties; and evidence of a contract materially different from the contract sued on is inadmissible. The offers of proof were properly excluded."

Judgment affirmed.