Murphy, et al., Appellants, *v.* Haws & Burke.

Argued June 9, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Bernard V. DiGiacomo,* for appellants.

*Harold W. Spencer,* for appellee.

OPINION BY JACOBS, J., September 22, 1975:

This case arose from the termination of a professional relationship between the individual plaintiffs-appellants, attorneys-at-law, and the law firm of Haws & Burke. The sole issue before this Court is whether the instant suit is barred by virtue of previous litigation. We hold that the claims of the individual plaintiffs are barred; but that the claim of the professional corporation, Murphy & Slota, for reasons stated hereinafter, is not.

Subsequent to the severance of their relationship with Haws & Burke, the individual plaintiffs brought two suits in equity against the professional corporation. The first sought an order directing the delivery of certain files. The second sought the recovery of a percentage of the gross profits of the firm under the alternative allegations that the plaintiffs (a) had been partners in the law firm; (b) had been shareholders in the professional corporation; or (c) had been employees of the firm or corporation under an express or implied agreement requiring the payment to each appellant of wages and salary in the amount of $14\frac{1}{2}$ percent of the gross profits of the firm. The chancellor found, *inter alia,* (1) that each individual plaintiff was at all times an employee of the firm; (2) that each was employed pursuant to an oral agreement under which he received compensation in the nature of salary and bonus; (3) that "[t]he [individual plaintiffs] received, in addition to their salary, bonus distributions paid from time to time by their employer, HAWS & BURKE, and neither employee was ever consulted or participated in the fixing of the amount, nature or time of and for such bonus distributions;"[1] and (4)

---

1. Printed Record filed at Supreme Court of Pennsylvania Nos. 103-04 January Term, 1973 at 200a, Chancellor's Adjudication, Finding of Fact No. 10.

that for the years prior to 1969 the individual plaintiffs received unequal distributions of salary and bonus. The chancellor found as a conclusion of law that the individual plaintiffs failed to prove that they were other than employees of the firm,[2] and he entered a decree nisi dismissing the complaint.

The individual plaintiffs filed exceptions to the adjudication which challenged, *inter alia*, (1) the findings that the plaintiffs were employees; (2) the finding that they were employed under an agreement pursuant to which they were to receive "compensation in the nature of salary and bonus;"[3] (3) the finding that the distributions to the plaintiffs were in the nature of "salary and bonuses;"[4] and (4) the implication in the chancellor's conclusion of law number two[5] "that plaintiffs were each only entitled to a base salary and that all other compensation or distributions made to them were solely gratuitous on the part of Thomas J. Burke."[6] The exceptions were dismissed[7] and an appeal was taken to the Supreme Court which, in an opinion by Justice POMEROY, affirmed the decrees.[8]

The individual plaintiffs then commenced the instant suit in assumpsit. Reasoning that the Supreme Court has determined their status to have been that of mere employees, and consequently that they were not entitled to a

2. Printed Record, supra n. 1 at 209a-210a.

3. *Id.* at 214a.

4. *Id.* at 215a.

5. *See* n.2 and accompanying text, supra.

6. Printed Record, supra n. 1 at 218a, Plaintiffs' Exceptions to the Chancellor's Adjudication, Exception No. 44(2).

7. Order dated September 27, 1972; Printed Record, supra n.1 at 247a.

8. *Murphy v. Burke*, 454 Pa. 391, 311 A.2d 904 (1973).

distribution of profits, the individual plaintiffs now seek to recover in quantum meruit the reasonable value of their services rendered to the corporation. The argument is superficially alluring, yet upon closer examination it is readily apparent that the individual plaintiffs are barred from asserting the claim.

In the prior action the chancellor found that the distributions made to the plaintiffs were salary plus bonuses paid at the discretion of the employer. This finding was excepted to, the exception dismissed and the decree affirmed by the Supreme Court. Therefore, the finding that the distributions were *salary* plus discretionary *bonuses* is conclusive and has become the law of the case. *Antonioli v. Lehigh Coal and Navigation Co.*, 451 F.2d 1171 (3d Cir. 1971), *cert. denied*, 406 U.S. 906 (1972); *see Goldstein v. Ahrens*, 379 Pa. 330, 108 A.2d 693 (1954); *Keystone Bldg. Corp. v. Lincoln Sav. & Loan Ass'n*, 233 Pa. Superior Ct. 47, 335 A.2d 817 (1975); *Trice v. Commercial Union Assur. Co.*, 397 F.2d 889 (6th Cir. 1968), *cert. denied*, 393 U.S. 1018 (1969). The judgment entered on the merits and not reversed on appeal is, as between the parties to the suit and their privies, final and conclusive. *Sustrik v. Jones & Laughlin Steel Corp.*, 413 Pa. 324, 197 A.2d 44 (1964); *Goldstein v. Ahrens,* supra.

The actual issue presented, then, is whether a party who has received and accepted salary with no agreement, express or implied, for payment of bonuses may sue for additional compensation under a theory of quantum meruit. We conclude that he may not.

Implicit in the chancellor's adjudication is the determination that a contract implied in fact existed between the employer and the plaintiffs. Such a contract is an actual contract which arises when the parties agree upon the obligations to be incurred but their intention is inferred from their actions in light of the surrounding circumstances. *Elias v. Elias*, 428 Pa. 159, 237 A.2d 215

(1968). The surrounding circumstances point to the conclusion that the obligations agreed upon were the performance of services and the payment of salary. If no agreement exists as to the price to be paid, the law implies a promise to pay the reasonable value of the services or property. *Blank v. Shoemaker,* 65 Pa. Superior Ct. 255 (1916); *e.g., Beech Aircraft Corp. v. Ross,* 155 F.2d 615 (10th Cir. 1946); *Hawkins v. Delta Spindle of Blytheville, Inc.,* 245 Ark. 830, 434 S.W.2d 825 (1968). However, where the contract fixes the value of the services involved there cannot be a recovery on quantum meruit. *Johnson v. Wanamaker,* 17 Pa. Superior Ct. 301 (1901). The chancellor found an oral agreement existed fixing compensation, and this agreement precludes the action in quantum meruit. *Schlechter v. Foltz,* 179 Pa. Superior Ct. 119, 115 A.2d 910 (1955); *see Lampl Asphalt Paving Co., Inc. v. Huber, Hunt & Nichols, Inc.,* 227 Pa. Superior Ct. 389, 323 A.2d 241 (1974).

We do not reach the same result, however, on the claim brought by the corporate plaintiff, Murphy & Slota. This plaintiff seeks to recover the reasonable value of services which it alleges it performed on certain open cases for Haws & Burke after the termination of the employment of the individual plaintiffs. This is a distinct and unrelated claim which has not been litigated previously. There is, therefore, no bar, whether by res judicata or collateral estoppel, which restricts this action. *See Cromwell v. County of Sac,* 94 U.S. 351 (1876); *Hochman v. Mortgage Fin. Corp.,* 289 Pa. 260, 137 A. 252 (1927).

That part of the order dismissing the claim of the individual plaintiffs is affirmed; that part dismissing the claim of the professional corporation, Murphy & Slota, is reversed. The case is remanded for further proceedings consistent with this opinion.