539 A.2d 391

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO., Appellant,

v.

JIM BOWE & SONS, INC. and Plymouth Township
Police Department.

Superior Court of Pennsylvania.

Argued Oct. 7, 1987.

Filed March 21, 1988.

Frederick E. Smith, Doylestown, for appellant.

Thomas A. Landis, Lansdale, for Jim Bowe & Sons, Inc., appellee.

Arthur Lefkoe, Norristown, for Plymouth Tp. Police, appellee.

Before ROWLEY, WIEAND and OLSZEWSKI, JJ.

ROWLEY, Judge:

This is an appeal from a judgment entered in favor of appellee, Jim Bowe & Sons (Bowe) and against appellant State Farm Mutual Automobile Insurance Co. (State Farm), and in favor of appellee Plymouth Township Police (Montgomery County) in a replevin action.

State Farm, the insurer of a car which had been reported stolen to the Philadelphia Police, paid its insured the value of the car and obtained record title to the car in August, *1981*. On July 8, *1982*, Bowe, pursuant to an agreement with the Plymouth Township Police, towed the stolen vehicle to his place of business. The Plymouth Township Police immediately notified the Philadelphia Police that the stolen car had been found. In July, *1983*, State Farm demanded delivery of the car from Bowe, but Bowe refused to relinquish it until the towing charge and approximately one year's storage fee were paid. State Farm was willing to pay the towing charge and a reasonable storage fee, but denied that it was responsible for an entire year's storage fee.

In October, 1983, State Farm filed an action in replevin against both Bowe and Plymouth Township Police. At the same time, State Farm filed a Motion for a Writ of Seizure. Bowe filed an answer, new matter and counterclaim asserting a common law garageman's lien for the year's storage fee. Plymouth Township Police filed an answer denying that they owed any duty to State Farm to inform it when the car was found. In December, 1983, a writ of seizure was issued. Subsequently, the case was tried without a jury, and the court found in favor of Bowe for $5,005 on its counterclaim, and in favor of Plymouth Township Police. The amount of the judgment represented a storage fee for 496 days, i.e., from the day the car was towed by Bowe until it was seized pursuant to the writ of seizure. Appellant's post trial motions were denied, judgment was entered on the verdict, and State Farm has appealed. We affirm the judgment in part, vacate the judgment in part, and remand for further proceedings.

On review of a case tried by a judge sitting without a jury, we must accept the factual findings of the trial court, although we are not bound by the trial court's legal conclusions drawn from those facts. *Lawner v. Engelbach*, 433 Pa. 311, 249 A.2d 295 (1969). In this case the trial court concluded as a matter of law that Bowe had no affirmative duty to notify State Farm that it was storing the vehicle. As a result, the trial court found that Bowe was entitled to recover the storage fee for the time from when Bowe towed the vehicle until State Farm demanded possession of it on a quasi-contract theory of unjust enrichment. The trial court reasoned that State Farm passively received the benefit of the storage of the vehicle, and that it would be unconscionable for State Farm to retain this benefit without payment for it. The trial court also determined that State Farm would have to pay for the storage of the vehicle from the time it requested the return of the car until the date the car was actually returned pursuant to the writ of seizure (1) because the storage fee charged for the period prior to State Farm's demand for the car was reasonable, (2) because Bowe had no duty to release the car upon State Farm's demand therefor without being paid a storage fee for the period from the date Bowe towed the vehicle until the date State Farm demanded possession of the car, and (3) because State Farm continued to receive the benefit of the storage after it had demanded possession of the vehicle, but Bowe had refused to release it. The trial court found that the Plymouth Township Police were not responsible for contacting State Farm about the recovery of the vehicle because it interpreted 75 Pa.C.S. § 7113(b) to impose the obligation on the police department which initially received the report of the theft of the car to notify the owner of a stolen car of its recovery.

On appeal, State Farm argues that quasi-contract and unjust enrichment are equitable theories, and that equity requires it to be responsible, at most, for the storage fees for a reasonable period in which Bowe could have contacted it. State Farm also argues that the Plymouth Township Police were required to notify it within 48 hours of recover-

ing the car, and their failure to do so makes the Plymouth Township Police liable for any storage fee for a period in excess of 48 hours. Finally, State Farm argues that it should not be held liable for the storage fees for the period after it requested the return of the vehicle because Bowe was in "unlawful and illegal possession" of the car during that period.

## I. LIABILITY OF STATE FARM

### A. *Storage Fee Prior To Demand For Car*

■ The doctrine of unjust enrichment is an equitable one, *Wolf v. Wolf,* 356 Pa.Super. 365, 514 A.2d 901 (1986), which permits recovery where the claimant can show that a benefit was wrongly secured or passively received, and that it would be unconscionable for the party receiving the benefit to retain it without payment. *Meehan v. Cheltenham Township,* 410 Pa. 446, 189 A.2d 593 (1963); *Roman Mosaic and Tile Co., Inc. v. Vollrath,* 226 Pa.Super. 215, 218, 313 A.2d 305, 307 (1973). However, the most significant requirement for recovery is that the enrichment is unjust, *Myers–Macomber Engineers v. M.L.W. Construction Corp. and HNC Mortgage and Realty Investors,* 271 Pa.Super. 484, 414 A.2d 357 (1979). Therefore, we must focus not on the intention of the parties but on the extent to which the enrichment is unjust. *Gee v. Eberle,* 279 Pa.Super. 101, 420 A.2d 1050 (1980).

■ In this case, there is no dispute that State Farm passively enjoyed the benefit of Bowe's storage of the car. However, the receipt of this benefit, under the unique facts of this case, was not *unjust,* so as to give rise in equity to an obligation by State Farm to pay for the storage. Bowe had no statutory or legal obligation to notify State Farm that he was storing the vehicle. However, Bowe himself testified that it was his customary practice to notify the owners of towed vehicles within 30 to 90 days of the date the vehicle was towed that the vehicle had been towed. Furthermore, Bowe testified that he was able to ascertain that State Farm was the owner of the particular vehicle in

question simply by making one telephone call to the local police.

Under these circumstances, where the garageman who is storing the towed vehicle has a customary practice of notifying owners of the vehicles he is storing, where he can ascertain the identity of the owner simply by placing one, local telephone call, and where the owner of the car is entirely unaware that the car is still in existence, let alone in storage, we hold that the owner of the vehicle has no duty to the garageman for a storage fee until the owner receives notice, from whatever source, that the vehicle is being stored. Until the owner is notified that the garageman is storing his vehicle, any enrichment to the owner is not unjust enrichment. On the contrary, it is unjust to permit the garageman who can easily ascertain the identity of a vehicle's owner, and whose custom it is to do so, to receive a storage fee for a period which he alone establishes simply by failing to notify the owner that he is in possession of the vehicle.

We note that by our holding today we are not precluding all recovery to Bowe for his storage services. We are simply precluding recovery to him *from the owner who had no notice of the storage.* Bowe towed and stored the vehicle in this case pursuant to an agreement which he had with the Plymouth Township Police. The terms of that contractual arrangement are not relevant to the instant *replevin* action brought by *State Farm* to recover its property, and there is no claim presently before us by Bowe against the Plymouth Township Police pursuant to their contractual arrangement. Therefore, we do not resolve the question of whether Bowe may recover the storage fee, for the period prior to his notification to State Farm, from some other source.

There is conflicting testimony in this case as to when Bowe notified State Farm that he was storing the vehicle. State Farm contends that it was not notified until May or June, 1983. Bowe too testified at one point that he did not notify State Farm until May, 1983. However, at a different

point in his testimony, Bowe stated that he notified State Farm within 90 days of when he towed the vehicle. The trial court did not resolve this factual dispute because it found it unnecessary to do so based on its resolution of the case. Because we hold that State Farm is liable to Bowe for a storage fee from the date when State Farm was notified that Bowe was storing the vehicle, and because we cannot determine that date from this record, we will remand for the trial court to make this factual determination.

### B. Storage Fee After Demand and Offer To Pay Reasonable Storage Fee

State Farm also contends that it should not be liable for the storage charges for the period between its demand on Bowe for return of the vehicle, in July, 1983, and its actual recovery of the vehicle pursuant to the writ of seizure. State Farm supports its argument by claiming that Bowe's continued possession of the car was illegal. Bowe contends that he was entitled to retain it because he had a common law garageman's lien for the towing and storage charges.

It is the well-settled rule in this Commonwealth that possessory liens are consensual in nature and must arise from an agreement, either express or implied, between the owner of goods and the bailee who provides some service with regard to the goods. *Associates Financial Services Co. v. O'Dell*, 262 Pa.Super. 584, 396 A.2d 1324 (1979). "The consensual nature of the transaction which gives rise to a possessory lien is an indispensable element of the common law possessory lien as recognized in this Commonwealth.... A garagekeeper's possessory lien is no different. His common law lien will arise where he has repaired, stored, or otherwise provided service to an automobile at the request of the owner.... However, the lien will not attach as against one who has not authorized, expressly or impliedly, the repairs or services rendered." *Id.*, 262 Pa.Superior Ct. at 588–589, 396 A.2d at 1326 (citations omitted).

In this case, Bowe had a legitimate garageman's lien against State Farm's vehicle only after State Farm learned that the vehicle was being stored. At that time, State Farm offered to pay a *reasonable* storage fee and a fee for the towing. It properly refused to pay a storage fee for the entire period in which the vehicle had been stored. Because State Farm was willing to pay a reasonable storage fee, which is all that State Farm was obligated to pay, Bowe had no right to assert a garageman's lien for any further sum and retain possession of the vehicle. State Farm therefore is not liable for any storage fee imposed for a period beyond the time when State Farm offered to pay a reasonable storage fee.

## II. PLYMOUTH TOWNSHIP POLICE LIABILITY FOR STORAGE FEE

Finally, State Farm argues that Plymouth Township Police[1] should be liable for all but two days of the storage period because the police had a statutory duty to notify State Farm within 48 hours of recovery of the vehicle. However, because we hold that State Farm is not liable for a storage fee for any period prior to notice to it, from any source, and because State Farm was eventually notified by Bowe that the vehicle had been recovered and was in storage, we need not determine in this appeal by State Farm, whether the Plymouth Township Police had any obligation to notify State Farm that the vehicle had been recovered. Therefore, insofar as judgment has been entered in favor of Plymouth Township Police, the judgment is affirmed.

The judgment in favor of the Plymouth Township Police is affirmed. Judgment in favor of Bowe and against State Farm is vacated, and the case is remanded for the trial court to ascertain the reasonable storage fee to be charged State Farm in accordance with this opinion. Jurisdiction relinquished.

---

**1.** No one has questioned the propriety of denominating the defendant in this case "Plymouth Township Police Department". See Pa.R.C.P. 2102(b) and Pa.R.C.P. 76. Therefore, we do not address this issue.