KUHN, J.,
Plaintiff has filed a three-count complaint wherein he alleges that he was hired by defendants to sell their retail military art business known as the American Print Gallery. Defendants have filed preliminary objections in the nature of a demurrer to each count and a motion to strike count II or III.
When considering preliminary objections in the nature of a demurrer, the court must accept as true all well pled material facts in the complaint as well as all inferences reasonably deducible therefrom, and only sustain the objection when the case is clear and free from doubt. Harner v. The Gettysburg Times, 32 Adams L.J. 7, 7-8 (1990).
In count I plaintiff avers that on or about March 2, 1989, the parties entered into a written contract for plaintiff to represent defendants in the sale of the business. The contract specifically provided that plaintiff was authorized by defendants to act as their:
“[Ejxclusive agent in connection with the sale of the company by means of any transaction resulting in any change of control of the company or the disposition of any of its assets or any portion of its business.”
For his services plaintiff was to receive a minimum fee of $50,000 “if a transaction is consummated.” After August 15, 1989, defendants allegedly entered into an agreement, with a party with whom plaintiff was dealing, which transferred some control and assets of the business and included the right *423 to operate the business at defendants’ established location. Plaintiff’s request for his fee has been refused.
Defendants’ demurrer to count I is based upon plaintiff’s failure to plead that he was a licensed real estate broker in Pennsylvania.
Licensure is a condition precedent to bring suit for enforcement of a commission agreement by a real estate broker and failure to so plead is a basis for dismissing the action. Golibart v. Reamer; 1 D.&C. 4th 660 (1989). The Real Estate Licensing and Registration Act of 1980, 63 P.S. §455.101-909, provides in section 301, 63 P.S. §455.301, that:
“It shall be unlawful for any person . . . acting in the capacity of a broker . . . within this Commonwealth without first being licensed or registered as provided in this act, unless he is exempted. . .”
The term “broker” is defined in section 201 as:
“Any person who, for another and for a fee, commission or other valuable consideration:
“(1) negotiates with or aids any person in locating or obtaining for purchase, lease or acquisition of interest in any real estate;
“(2) negotiates the listing, sale, purchase, exchange, lease, time share and similarly designated interests, financing or option for any real estate;
“(3) manages or appraises any real estate;
“(4) represents himself as a real estate consultant, counselor, house finder;
“(5) undertakes to promote the sale, exchange, purchase or rental of real estate; provided, however, that this provision shall not include any person whose main business is that of advertising, promotion or public relations, or
“(6) attempts to perform any of the above acts.”
Section 302 of the act provides:
*424 “No action or suit shall be instituted, nor recovery be had, in any court of this Commonwealth by any person or compensation for any act done or service rendered, the doing or rendering of which is prohibited under the provisions of this act by any person other than a licensed broker . . . unless such person was duly licensed and registered hereunder as a broker ... at the time of offering to perform any such act or service or procuring any promise or contract for the payment of compensation of any such contemplated act or service.”
If plaintiff was hired only to find a purchaser of a business located on certain real estate, the act does not apply. Golibart v. Reamer, 1 D.&C. 4th at 663. Defendants argue, however, that the contract involved more than the sale of the business because plaintiff undertook “to value the properties to be sold.” The contract implies that the business owned some real estate and the complaint avers that the deal between defendants and the third party included “the right to operate a retail business at defendants’ established location.” (paragraph 10a.)
The complaint does not leave the court with a clear impression that plaintiff was a broker. First, the contract states that if current market values of real property are required, defendants would be separately responsible for those fees. Second, although one who, for a fee, negotiates a lease on behalf of another is a real estate broker, Wilkins v. Heebner, 331 Pa. Super. 491, 495, 480 A.2d 1141, 1144 (1984), it is not clear that plaintiff negotiated or attempted to negotiate a lease. Furthermore, the timing of the deal on the business and the one for a lease (if there was one) and the severability of the contract are unclear. Schoenfeld v. Mekes, 166 Pa. Super. 101, 70 A.2d 377 (1950).
*425 The central theme of the contract and the complaint is the negotiation and sale of the business. Whether plaintiff acted as a broker is not clear and free from doubt. Therefore, the demurrer will be denied at this time.
In count II plaintiff proceeds on a theory of quantum meruit and seeks to recover expenses and a “customary hourly fee” of $100 per hour totalling over $25,000 for services rendered on defendants’ behalf. Defendants raise two points, first, that the complaint fails to aver that defendants agreed to pay a “customary hourly fee” to plaintiff and, second, that the written contract governs the relationship, rights and obligations of the parties. The first point fails because a promise to pay a reasonable value for services rendered may be implied from the circumstances. 66 Am. Jur. 2d Restitution and Implied Contracts §20, at 946. Therefore, express agreement as to the fee need not be pled.
The second point likewise fails. While defendants are correct in arguing that existence of an express contract, whether oral or written, precludes recovery on the basis of quantum meruit, Murphy v. Haws & Burke, 235 Pa. Super. 484, 344 A.2d 543 (1975); Schlechter v. Foltz, 179 Pa. Super. 119, 115 A.2d 910 (1966), which theory to pursue must be resolved later in the proceedings. Pa.R.C.P. 1020 permits a plaintiff to plead alternative causes of action which was done in the complaint before the court.
In count III plaintiff proceeds on a quasi-contractual theory of unjust enrichment. Defendants argue that recovery under this theory is precluded because the relationship of the parties is based upon an express contract, the existence of which is set forth in the complaint. Gee v. Eberle, 279 Pa. Super. 101, 119, 420 A.2d 1050, 1060 (1980). *426 The doctrine of unjust enrichment permits recovery where a claimant can show that a benefit was wrongly secured or passively received and it would be unconscionable for the receiving party to retain it without payment. Thus, the focus of the inquiry is upon the enrichment being unjust and not on the intention of the parties. State Farm Mutual Automobile Insurance Co. v. Jim Bowe & Sons Inc., 372 Pa. Super. 186, 190, 539 A.2d 391, 393 (1988).
While ultimately defendants may prevail on this issue we must be mindful of the reluctance of a court to grant a demurrer. Argument can be advanced that the written contract of the parties does not apply to this particular transaction and that because plaintiff provided substantial services in bringing the parties together, it would be unjust for defendants to receive the benefit without incurring an obligation to pay for it.
Finally, defendants seek to have either count II or III stricken as being duplicative. A motion to strike is granted only when a pleading lacks conformity to law, or rule of court or because of scandalous or impertinent matter. Cornett v. Berwick Township, 30 Adams L.J. 44, 45 (1988). As noted above, count II is based upon a contract implied in fact while count III is not based upon a contract but an equitable doctrine designed to prevent one from being unjustly enriched at the expense of another. Such theories are not duplicative.
ORDER OF COURT
And now, December 17, 1990, defendants’ preliminary objections are dismissed.