

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-23-2004

# King of Prussia v. Power Curbers Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4639

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"King of Prussia v. Power Curbers Inc" (2004). *2004 Decisions*. Paper 124.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/124

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-4639

KING OF PRUSSIA EQUIPMENT CORPORATION,

Appellant

v.

POWER CURBERS, INC.

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 98-cv-04754
(Honorable Louis H. Pollak)

Argued October 28, 2004
Before:  SCIRICA, *Chief Judge*, FISHER and GREENBERG, *Circuit Judges*

(Filed November 23, 2004)

ROBERT D. ARDIZZI, ESQUIRE (ARGUED)
PAUL A. BUCCO, ESQUIRE
Davis, Bucco & Ardizzi
10 East 6th Avenue, Suite 100
Conshohocken, Pennsylvania 19429
        Attorneys for Appellant

JAMES M. PARKS, ESQUIRE (ARGUED)
JAMES H. STEIGERWALD, ESQUIRE
Duane Morris LLP
One Liberty Place, 37th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103-7396
        Attorneys for Appellee

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

This appeal involves the termination of a seventeen-year implied distributorship agreement. Plaintiff/appellant King of Prussia Equipment Corporation ("KPEC") contends that the District Court erred in finding the distributorship terminable at will under Pennsylvania Law, and in granting summary judgment to defendant/appellee Power Curbers, Inc. on its claim for breach of the implied covenant of good faith and fair dealing. KPEC also appeals summary judgment on its *quantum meruit* claim. This is a diversity case under 28 U.S.C. §1332, and we have appellate jurisdiction under 28 U.S.C. § 1291. We will affirm for the reasons set forth.

## I.

The central facts of the case are not in dispute. KPEC started distributing construction equipment manufactured by Power Curbers in Southeast Pennsylvania in the early 1980s. The relationship was beneficial to both parties (during the last three years of the agreement, sales of Power Curbers equipment accounted for about 15-20% of KPEC's revenues). The distribution agreement was never memorialized over the course of these seventeen years, but no significant disputes between the parties arose. In December 1997, Power Curbers terminated the implied agreement in order to establish its own direct distributorship, giving rise to this lawsuit. The termination letter sent to KPEC provided

2

that Power Curbers would repurchase parts from KPEC and pay a finder's fee of 5% for any sales by Power Curbers in the territory formerly serviced by KPEC in the first quarter of 1998. In July 1998, KPEC cashed a check from Power Curbers, even though the accompanying letter stated that the intent of the finder's fee was "to terminate our distributor agreement amicably and fairly."

KPEC filed a complaint in the District Court in September 1998. On January 5, 2001, the District Court granted summary judgment to Power Curbers on KPEC's claims for breach of the implied covenant of good faith and fair dealing and *quantum meruit* compensation, but denied summary judgment on the contract theory. *King of Prussia Equip. Corp. v. Power Curbers, Inc.*, 158 F. Supp. 2d 463, 466-67 (E.D. Pa. 2001) ("*KPEC I*"). In May 2003, the District Court conducted a four-day bench trial on the breach of contract claim. It found that there was no agreement between the parties regarding the duration of their relationship and entered judgment for Power Curbers. *King of Prussia Equip. Corp. v. Power Curbers, Inc.*, 287 F. Supp. 2d 594, 597-98 (E.D. Pa. 2003) ("*KPEC II*"). KPEC appeals from both orders.

## II.

We review the District Court's findings of fact for clear error. Fed. R. Civ. P. 52(a). The District Court's conclusions of law are subject to plenary review. *Scully v. US WATS, Inc.*, 238 F.3d 497, 507 (3d Cir. 2001). We review grants of summary judgment *de novo. Dixon Ticonderoga Co. v. Estate of O'Connor,* 248 F. 3d 151, 161 (3d Cir.

3

2001).  In determining whether there is a genuine issue to be tried, the court must accept the evidence submitted by the nonmovant as true, resolving all ambiguities and drawing all justifiable inferences in plaintiff's favor.  *Anderson v. Liberty Lobby,* 477 U.S. 242, 255 (1986).

We first address KPEC's breach of implied contract claim.  KPEC contends the conduct and relationship of the parties shows that termination was allowable only for cause.  Power Curbers claims its distributorships are terminable at will.[1]

The general rule in Pennsylvania as elsewhere is that "[w]here the contract provides for successive performances but is indefinite in duration it is valid for a reasonable time but unless otherwise agreed may be terminated at any time by either party." 13 Pa. C.S.A. § 2309(b); *see also Slonaker v. P.G. Publ'g Co.,* 13 A.2d 48, 50 (Pa. 1940) (holding "language of far more precise and umistakable character" required to create a perpetual commitment); *Weilersbacher v. Pittsburgh Brewing Co.,* 218 A.2d 806 (Pa. 1966) (rejecting plaintiff's implied contract claim that it had right to distribute defendant's products as long as it continued to pay for them).  In looking at implied contracts under Pennsylvania law, "it is the intention of the parties which is the ultimate guide, and, in order to ascertain that intention, the court may take into consideration the

---

[1]Power Curbers also raised a Statute of Frauds (13 Pa. C.S.A. § 2201) defense in the District Court.  The District Court did not address this alternative ground supporting judgment for defendants, and we do not consider it here.

surrounding circumstances, the situation of the parties, the objects they apparently have in view, and the nature of the subject-matter of the agreement." *Slonaker*, 13 A.2d at 50-51.

In this case there was no written or oral agreement regarding termination. From the record, the only point of reference on the issue appears to be Power Curbers' 1994 termination of a distributorship in Central Pennsylvania, the Stewart-Amos Equipment Company. KPEC later took over from Stewart-Amos, and had in its possession a copy of the letter terminating Stewart Amos. The letter reads:

> There is no written distributorship agreement between Power Curbers and Stewart-Amos Equipment Company. However, the standard distributor agreement that we use with other distributors contains the following: This agreement shall continue *until terminated at any time by either party* upon thirty (30) days' written notice to the other party. . . .

(Emphasis added.)

Despite this letter, KPEC contends the distributorship was terminable only for cause, as reflected by the dealings between the parties and especially by the conditions Power Curbers allegedly imposed on KPEC's distributorship. KPEC points to Power Curbers' requirements that KPEC maintain an inventory of Power Curbers' parts, send its employees to Power Curbers' service school, and maintain a knowledgeable and well-trained sales force. The District Court found, however, that "it is not clear that [Power Curbers] actually did impose specific requirements upon KPEC," and that while KPEC may well have believed the distributorship was only terminable for cause, "that understanding did not come from statements made by [Power Curbers]." *KPEC II*, 287 F.

5

Supp. 2d at 598. There is more than enough support for this finding in the record, including testimony by KPEC's own vice president, Mr. Pietrini. We see no clear error.

KPEC then argues that, even assuming the agreement was terminable at will, this case fits into the narrow situation where there is an implied contractual duty to terminate in good faith and in a commercially reasonable manner under Pennsylvania law. *See Loos & Dilworth v. Quaker State Oil Refining Corp.,* 500 A.2d 1155, 1163 (Pa. Super. Ct. 1985) (requiring that termination of gas station franchise be undertaken in good faith and in a commercially reasonable manner); *Atlantic Richfield Co. v. Razumic*, 390 A.2d 736 (Pa. 1978). This argument is unavailing. The Power Curbers-KPEC relationship is easily distinguishable from the service station franchisor-franchisee relationships in those cases. KPEC was not nearly as dependent on Power Curbers: it did not pay Power Curbers for its distributorship, distribute only Power Curbers products, nor license Power Curbers' intellectual property rights. There is also nothing in the record to indicate that Power Curbers had significant control over KPEC's sales or prices. As such, the District Court did not err in failing to conduct the analysis called for by *Loos & Dilworth*.

We move on to KPEC's *quantum meruit* claim. KPEC claims compensation for the intangibles (strong market share and goodwill in its distribution territory) that Power Curbers effectively appropriated by ending KPEC's distributorship. The District Court found that KPEC could not recover under this theory because it was "in KPEC's best interests to market Power Curbers' machines effectively and 'unjust enrichment will not

6

be found where Plaintiff rendered services to advance its own interests.'" *KPEC I,* 158 F. Supp. 2d at 467 (quoting *New Tech Voting Systems, Inc. v. Danaher Corp.*, 1996 U.S. Dist. LEXIS 18376 at \*10 (E.D. Pa. Dec. 6, 1996). Also, the existence of an agreement fixing compensation generally precludes an action in *quantum meruit*. *See EFCO Importers v. Halsobrunn,* 500 F. Supp. 152, 157-58 (E.D. Pa. 1980); *Murphy v. Haws & Burke,* 344 A.2d 543, 546 (Pa. Super. Ct. 1975).

### III. Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court.