NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 19-3875

———

RANDY LANGER; JAMES LANGER

v.

CAPITAL ONE AUTO FINANCE, A Division of Capital One, N.A.

*Rudy A. Fabian; Fabian Legal Services, LLC,
Appellants

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-16-cv-06130)
District Judge:  Honorable Harvey Bartle III

———————

No. 20-1743

———

RUDY A. FABIAN; FABIAN LEGAL SERVICES, LLC

v.

RICHARD E. SHENKAN; SHENKAN INJURY LAWYERS, LLC
(W.D. Pa. No. 2-19-cv-00582)

———————

SHENKAN INJURY LAWYERS, LLC; RICHARD SHENKAN

v.

RUDY FABIAN; FABIAN LEGAL SERVICES, LLC

---

* Pursuant to Fed. R. App. P. 12(a).

(W.D. Pa. No. 2-19-cv-01520)

Ruby Fabian, Fabian Legal Services, LLC,
                                      Appellants

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. Nos. 2-19-cv-00582 and 2-19-cv-01520)
District Judge:  Honorable Arthur J. Schwab

_____

Submitted under Third Circuit LAR 34.1(a)
March 2, 2021

Before:  KRAUSE, PHIPPS, and FUENTES, *Circuit Judges*.

(Filed: April 19, 2021)

_____

OPINION[†]

_____

PHIPPS, *Circuit Judge*.

These three cases, consolidated in two appeals, relate to a fee dispute between two

attorneys: Rudy Fabian of Pennsylvania and Richard Shenkan of Michigan.  For three-

and-a-half years, Fabian worked for Shenkan as an independent contractor, performing

legal research and writing services in support of nine class actions in which Shenkan

served as sole class counsel.  In return, Shenkan paid Fabian biweekly and gave him

occasional bonuses for a total compensation of $315,426.  Shenkan also reimbursed

Fabian for office and travel expenses and provided him a furnished office, computer, and

_____

[†] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

printer. Although the two never formalized their arrangement in writing, that was not a problem – at least until the class actions began to settle. But after Shenkan received $2.6 million in attorney's fees from one settlement and $2.92 million from another, Fabian sought a share of Shenkan's fee awards. That led to three lawsuits in two districts, with Fabian losing and timely appealing each. In exercising appellate jurisdiction over those appeals from final orders, *see* 28 U.S.C. § 1291, we will affirm the judgments for the reasons below.

## I.

### A.    The Eastern District of Pennsylvania Litigation

Shenkan's fee award of $2.6 million arose from the *Langer* class action in the Eastern District of Pennsylvania. *See Langer v. Cap. One Auto Fin.*, No. 2-16-cv-06130 (E.D. Pa. 2019). Seeking a share of that award, Fabian filed a motion for attorney's fees under Federal Rule of Civil Procedure 23(h)(1). With jurisdiction over the underlying class action, *see* 28 U.S.C. § 1332(d)(2), the Eastern District denied Fabian's motion for attorney's fees. As the court explained, Fabian's dispute was with Shenkan – not the *Langer* class members whom he did not represent. The court further remarked that Fabian's challenge was more in the nature of a quantum meruit claim.

### B.    The Western District of Pennsylvania Litigation

Fabian did pursue such a quantum meruit claim to seek fees for his work on the *Maszgay* class action. *See Maszgay v. First Commonwealth Bank*, No. 686-2015 (Ct. Com. Pl. Jefferson Cnty., Pa. 2018). On that theory, he sued Shenkan in the Court of Common Pleas of Allegheny County for approximately $1.4 million of Shenkan's $2.92

3

million fee award.  Shenkan removed that case to the Western District of Pennsylvania and then countersued Fabian for a declaratory judgment that Fabian has no right to a share of the fees in any of the nine class actions.

The Western District consolidated those suits.  Exercising diversity jurisdiction, *see* 28 U.S.C. § 1332(a)(1), and applying Pennsylvania law by consent of the parties, the court entered summary judgment in favor of Shenkan.  As to Fabian's quantum meruit claim, the court explained that it would not be unconscionable for Shenkan to retain the fees awarded in *Maszgay*.  For similar reasons, the court issued an order declaring that Fabian has no right to any of the fees from the nine class actions.

## II.

Fabian first challenges the Eastern District's denial of his motion for attorney's fees under Rule 23(h).  *See Halley v. Honeywell Int'l, Inc.*, 861 F.3d 481, 496 (3d Cir. 2017) (reviewing class action fees decisions for abuse of discretion and attendant legal questions *de novo*).

His argument rests on the premise that class action fee awards under Rule 23(h) may be made to persons other than class counsel.  In that, he is correct.  The text of the rule does not limit fee awards to class counsel.  Rather, Rule 23(h) provides that, upon a motion in a certified class action, a court "may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement."  Fed. R. Civ. P. 23(h); *see also* Fed. R. Civ. P. 54(d)(2)(A) ("A claim for attorney's fees and related nontaxable expenses must be made by motion . . . .").  Similarly, the Advisory

4

Committee's Note expressly contemplates fee awards to attorneys other than appointed class counsel:

> This subdivision does not undertake to create new grounds for an award of attorney fees or nontaxable costs. Instead, it applies when such awards are authorized by law or by agreement of the parties. Against that background, it provides a format for all awards of attorney fees and nontaxable costs in connection with a class action, *not only the award to class counsel*. In some situations, there may be a basis for making an award to other counsel whose work produced a beneficial result for the class, such as attorneys who acted for the class before certification but were not appointed class counsel, or attorneys who represented objectors to a proposed settlement under Rule 23(e) or to the fee motion of class counsel. Other situations in which fee awards are authorized by law or by agreement of the parties may exist.

Fed. R. Civ. P. 23(h), Advisory Committee's Note to 2003 Amendment (emphasis added).

But establishing that persons other than class counsel may be awarded fees under Rule 23(h) is not enough for Fabian to prevail. An award of attorney's fees under Rule 23(h) must be authorized by law or by agreement of the parties. *See id.*; *see also* Fed. R. Civ. P. 23(h). And here, Fabian does not establish a right to fees under either method.

As to the first method – authorization by law – Fabian identifies no independent source of law conferring upon him a claim for fees. Instead, he relies on language from the Advisory Committee's Note and argues that he has a right to fees because his "work produced a beneficial result for the class." Fed. R. Civ. P. 23(h), Advisory Committee's Note to 2003 Amendment. But neither that phrase nor Rule 23(h) creates an independent right to fees. *See id.* (noting that Rule 23(h) "does not undertake to create new grounds for an award of attorney fees"); 7B Charles Alan Wright & Arthur R. Miller, Federal

5

Practice and Procedure § 1803 (3d ed. 2020) ("[T]he power of the court to award attorney fees in a class action does not derive from the rule itself."); 5 Moore's Federal Practice § 23.124[5] (2021) ("Rule 23 does not provide any independent basis for awarding attorney's fees . . . . Any right to an award of fees or costs must come from the substantive law applicable to the case."). Rather, the only two recognized independent authorizations by law for Rule 23(h) fees are statutory fee shifting provisions and the common fund doctrine. *See* 5 Moore's § 23.124[5]; *see also Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) ("[A] litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole."). Neither applies here. Fabian does not base his claim on a fee-shifting statute. Nor does his work for another attorney, Shenkan, qualify him for fees under the common fund doctrine. *See Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 165 (3d Cir. 1973) ("The attorney's claim [under the common fund doctrine] is that his conduct of the suit conferred a benefit on all the class members, *that one or more class members has agreed by contract to pay for the benefit the attorney conferred upon him*, and that the remaining class members should pay what the court determines to be the reasonable value of the services benefiting them." (emphasis added)). Thus, Fabian does not identify an independent authorization by law that would allow him to recover fees under Rule 23(h).

Fabian's fee request likewise fails under the second Rule 23(h) method – agreement of the parties. He does not identify any agreement between himself and one of the parties or class members that would allow him to seek Rule 23(h) fees. To the

contrary, by his own admission, Fabian did not represent any of the *Langer* class members; rather, Shenkan served as sole class counsel. *See* Fabian Dep. 81: 2–3 (Fabian App. 431) ("[T]he individuals that were the clients in these matters were not my clients.").

Accordingly, the Eastern District did not err as a matter of law or abuse its discretion by denying Fabian's motion for attorney's fees under Rule 23(h).

III.

Fabian also challenges the Western District's grant of summary judgment and entry of a declaratory judgment in favor of Shenkan. *See Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 281 (3d Cir. 2017) (reviewing declaratory judgment decision for abuse of discretion and associated legal questions *de novo*); *Baer v. Chase*, 392 F.3d 609, 615 (3d Cir. 2004) (reviewing grant of summary judgment *de novo*).

He begins by seeking fees for his work on the *Maszgay* class action under quantum meruit. *See Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 179 A.3d 1093, 1102 (Pa. 2018) (articulating three elements for a common law quantum meruit or unjust enrichment claim). But that equitable remedy is available only when no contract exists. *See Mitchell v. Moore*, 729 A.2d 1200, 1203 (Pa. Super. Ct. 1999); *see also Hershey Foods Corp. v. Ralph Chapek, Inc.*, 828 F.2d 989, 999 (3d Cir. 1987) ("*Quantum meruit* will not be awarded when there is an express agreement." (citing *Murphy v. Haws & Burke*, 344 A.2d 543, 546 (Pa. Super. Ct. 1975))). And here, Fabian worked as an independent *contractor* for Shenkan for three-and-a-half years under agreed upon terms.

Though the two attorneys never formalized their arrangement in writing – having thrice failed to sign a written agreement – that does not mean that they were unbound by contract. *See Ingrassia Constr. Co. v. Walsh*, 486 A.2d 478, 483 & n.7 (Pa. Super. Ct. 1984) (describing express oral contracts and implied-in-fact contracts). To the contrary, Fabian and Shenkan reached a meeting of the minds on the material terms of their working arrangement. *See Baribault v. Zoning Hearing Bd.*, 236 A.3d 112, 118 (Pa. Commw. Ct. 2020) ("A valid and binding contract requires a meeting of the minds and acceptance of all material terms by all parties to the contract."); *see also Ingrassia*, 486 A.2d at 483 ("In ascertaining the intent of the parties to a contract, it is their outward and objective manifestations of assent, as opposed to their undisclosed and subjective intentions, that matter."). The terms of the independent-contractor relationship were clear: in exchange for Fabian's legal research and writing services, Shenkan paid him biweekly, provided him with an office and equipment, and reimbursed his expenses. Quantum meruit does not allow a party to a contract to resort to equity to recover compensation that the party did not successfully negotiate in contract. *See Wilson Area Sch. Dist. v. Skepton*, 895 A.2d 1250, 1254 (Pa. 2006) ("[T]he doctrine of unjust enrichment is inapplicable when the relationship between parties is founded upon a written agreement or express contract, regardless of how 'harsh the provisions of such contracts may seem in the light of subsequent happenings.'" (citations omitted)). Accordingly, the Western District did not err by granting Shenkan summary judgment on Fabian's quantum meruit claim.

Finally, Fabian challenges the Western District's declaratory judgment concerning the remaining class actions. As explained above, neither Rule 23(h) nor the doctrine of quantum meruit allows Fabian to obtain additional compensation for his work on *Langer* or *Maszgay*. Because Fabian's work on Shenkan's other class actions shares the same key features, the Western District did not err as a matter of law or in the exercise of its discretion in declaring that Fabian has no right to a portion of the fees from the remaining class actions.

* * *

For the foregoing reasons, we will affirm each of the judgments below.

9